S. MITCHELL KAPLAN (SBN 095065)
BRYCE CARROLL (SBN 208593)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
BOVIS LEND LEASE, INC. as assignee of
LNR-LENNAR BRANNAN STREET, LLC

JENNIFER A. BECKER (SBN 121319)
JOHN B. SULLIVAN (SBN 238306)
LONG & LEVITT LLP
465 California Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392

Attorneys for Defendant
MBH ARCHITECTS, INC. aka
MCNULTY BRISKMAN HEATH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH and DOES 1 through 150,<br><br>Defendants. | CASE NO. C 07 5262<br><br>**JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDER** |

Pursuant to Civil L.R. 16-9 BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC (hereinafter "Bovis") and MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH (hereinafter "MBH") submit the following Joint Rule 26(f)

1

**JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT**

Report, Case Management Conference Statement, and Proposed Case Management Order.

1. JURISDICTION AND SERVICE

This matter was removed to United States District Court by MBH pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Prior to removal, all parties had been served and had appeared. However, MBH intends to file a cross-complaint against LENNAR for indemnity and to enforce an attorney's fees provision in its contract with LENNAR

2. FACTS

This matter arises out of the design and construction, as well as the provision of labor and materials for the real property and residential homes known as Brannan Square located at 200 Brannan Street in San Francisco, California (hereinafter "Project"). On or about January 24, 2000, LENNAR entered into an agreement with MBH for the provision of architectural design services for the Project[1]. Bovis alleges MBH failed to provide proper plans and details for the Project, which in turn delayed the completion of the project as well as contributed to significant construction defect claims by the residents of 200 Brannan. Bovis alleges that MBH breached the terms and conditions of the contract, by failing to provide proper plans and details for the Project. Specifically, Bovis alleges that MBH improperly designed, inspected, supervised and planned key elements of the Project. As a result, Bovis alleges that it has expended in excess of $4 million in extra work, repairs, investigation costs, experts fees, and litigation costs as a result of MBH's deficient work. Additionally, Bovis alleges that MBH's failure to provide proper plans and details for the Project, delayed the Project, which substantially increased the costs incurred to construct the Project.

---

[1] In May 2006, as part of a settlement of disputes between Bovis and LENNAR, LENNAR assigned to Bovis all of LENNAR'S rights and remedies against MBH and each of MBH's subconsultants. Consequently, this action, which involves claims and damages suffered by Lennar arising from MBH's deficient plans and specifications, is brought in the name of Bovis as party plaintiff.

2

**JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT**

MBH denies all allegations of design defect and contends that any construction defects were cause by the action of Bovis and/or LENNAR as well as their subcontractors. MBH further denies its plans and specifications contributed to any construction defects or damages. MBH further denies all allegations that it caused any delay in the project and contends that any alleged delay was caused by the negligence of either Bovis and/or LENNAR or their subcontractors. Finally, MBH contends that all of Bovis and LENNAR's claims and/or damages are precluded by their own negligence, the negligence of third parties, the doctrines of waiver and estoppel, and MBH's other affirmative defenses.

3.  LEGAL ISSUES

The complaint alleges causes of action for Breach of Contract, Professional Negligence, Equitable Indemnity and Negligence. The key legal issues are

1. Whether MBH breached the contract between it and LENNAR?
2. Whether MBH breached the standard of care in performing design services for LENNAR?
3. Whether any alleged breach of the contract or standard of care caused damages to LENNAR?

4.  MOTIONS

At this time, Bovis does not anticipate any law and motion filings. However, motion practice may become necessary as discovery progresses. MBH may file a motion for summary judgment after it conducts discovery.

5.  AMENDMENT OF PLEADINGS

At this time, Bovis does not anticipate any amendment to the pleadings. However, Bovis reserves its right to amend, should it discovery facts that warrant an amendment.

6.  EVIDENCE PRESERVATION

Bovis and its assignor have taken steps to ensure preservation of evidence relevant to the issues in this matter. Specifically, both Bovis and its assignor have litigation hold procedures in

1  place that ensure evidence is preserved.

2  7.    DISCLOSURES

3       On January 18, 2008, the parties exchanged initial disclosures pursuant to Fed. R. Civ. P.
4  26(f).

5  8.    DISCOVERY

6       To date, the parties have not engaged in any formal discovery outside of the Initial
7  Disclosures pursuant to Fed. R. Civ. P. 26(f).

8       The parties will likely seek changes to the limitations imposed on discovery under the
9  Federal Rules of Civil Procedure as Bovis seeks in excess of $4,000,000 in damages and this
10 action involves the work of numerous subcontractors.

11      The parties anticipate completing, initial written discovery in April 2008. After the
12 conclusion of the initial round of written discovery, the parties will likely take several percipient
13 witness depositions prior to mediation. The depositions are expected to take place in May
14 though July 2008.

15      MBH anticipates Discovery will be needed as to the details of Bovis' allegations as an
16 assignee of LENNAR that MBH breached its contractual obligations as well as the standard of
17 care in performing design services; the nature and scope of LENNAR's alleged damages;
18 LENNAR's efforts to mitigate any alleged damages; and the factual bases for all of Bovis and/or
19 LENNAR's claims.

20      The parties do not anticipate the need for any changes to the limitations periods regarding
21 discovery; the parties do not seek any discovery orders at this time.

22      Expert witnesses should be disclosed upon the cut-off of fact discovery; rebuttal experts
23 should be disclosed 30 days thereafter

24 9.    RELATED CASES

25      On June 15, 2007, the 200 Brannan Street Owners Association served LNR-LENNAR
26 BRANNAN STREET, LLC, assignor of Bovis, with a Notice of Commencement of Legal

1 Proceeding Under Civil Code Section 895 et seq. and Civil Code Section 1375. 200 Brannan
2 Street Owners Association's claims are proceeding pursuant to the mandatory pre-litigation
3 alternative dispute resolution procedures set forth in California Civil Code Section 895 et seq.
4 and California Civil Code Section 1375 et seq.

5 Additionally, on May 7, 2007, Michael Cullen, an owner of a residence at the 200
6 Brannan Street project, filed the case entitled *MICHAEL CULLEN, as a nominal plaintiff on*
7 *behalf of 200 Brannan Owners Association (nominal defendant), an individual and class*
8 *representative, v. LNR-LENNAR BRANNAN STREET, LLC, a California limited liability*
9 *company; LENNAR CORP., a Delaware corporation; LNR PROPERTY CORPORATION, a*
10 *Delaware corporation; LENNAR SOUTHLAND I, INC., a California corporation; 200*
11 *BRANNAN OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, a*
12 *nominal defendant; and DOES 1 through 50 inclusive,* San Francisco Superior Court case no.
13 CGC-07-463110. Plaintiff alleges various construction defects related to his residence, as well
14 as all the common areas of the 200 Brannan Street project. At this time, Bovis is not a party to
15 the *Cullen* matter. However, Bovis' assignor LNR-LENNAR BRANNAN STREET, LLC is a
16 named defendant.

17 10.    RELIEF

18 Bovis seeks compensatory damages, costs of suit, all attorneys' fees per contract and as
19 allowed by law; pre-judgment interest, disgorgement of profits and restitution of monies
20 wrongfully obtained, and other and further relief as this Court may deem just and proper.

21 Bovis estimates that its compensatory damages exceeds $4 million. Bovis' damages
22 estimate is based upon the following: 1) delay damages during construction arising out of
23 MBH's failure to provide proper plans and details resulting in extended and increased job costs
24 to Bovis; and 2) post-construction defect claims arising out of MBH's plans and details. Bovis
25 estimates that the delay damages total in excess of $2.5 million. while the defect estimate is in
26 excess of $1.7 million. Bovis reserves its right to amend its damage estimate pending further

5
JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE
MANAGEMENT ORDERJOINT

evaluation of Bovis' consultants and discovery of additional information.

MBH intends to file a cross-claim against LENNAR based on an indemnity provision and an attorney's fees provision in the contract between the two companies.

**11. SETTLEMENT AND ADR**

The parties have stipulated to private ADR through Vivien Williamson or William Nagle. Pursuant to the Court's Order, ADR is to be completed no later than July 13, 2008.

**12. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a Magistrate Judge for all purposes.

**13. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration. At this time, the parties do not feel that the appointment of a Special Master is necessary.

**14. NARROWING OF ISSUES**

The parties will continue to meet and confer as trial approaches in a effort to narrow issues through stipulation.

**15. EXPEDITED SCHEDULE**

Based upon the complexity of the issues, and the amount of expert analysis, it is unlikely that this matter can be handled on an expedited basis.

**16. SCHEDULING**

The parties propose a trial date in March 2009, with a pretrial conference in February 2009. Experts shall be designated no later than December 12, 2008. The discovery cutoff shall be December 15, 2008. Dispositive motions shall be heard prior to January 15, 2009.

**17. TRIAL**

Bovis has requested a jury trial. It is estimated that trial will last 15 to 20 court days.

**18. DISCLOSURE NON-PARTY INTERESTED ENTITES OR PERSONS**

The parties are unaware of any non-party interested entities at this time.

//

JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT

19. OTHER MATTERS

Prior to MBH's removal of the case to District Court, Bovis' petition for admission of Stephen E. Ray of Stein, Ray & Harris LLP was granted by the Superior Court of San Francisco. Bovis requests clarification of the Superior Court's order and its application in the District Court.

DATED: January 18, 2008            GORDON & REES, LLP

                                   By _____
                                   BRYCE D. CARROLL
                                   Attorneys for Plaintiff
                                   BOVIS LEND LEASE, INC. as assignee of
                                   LNR-LENNAR BRANNAN STREET, LLC

DATED: January 18, 2008            LONG & LEVIT, LLP

                                   By _____
                                   JENNIFER A. BECKER
                                   Attorneys for Defendant
                                   MBH ARCHITECTS, INC. aka MCNULTY
                                   BRISKMAN HEATH

JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT