1  S. MITCHELL KAPLAN  (SBN 095065)
   BRYCE CARROLL  (SBN 208593)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile:  (415) 986-8054

5
   Attorneys for Plaintiff
6  BOVIS LEND LEASE, INC. as assignee of
   LNR-LENNAR BRANNAN STREET, LLC
7
   JENNIFER A. BECKER (SBN 121319)
8  JOHN B. SULLIVAN (SBN 238306)
   LONG & LEVITT LLP
9  465 California Street, Suite 500
   San Francisco, CA 94104
10 Telephone: (415) 397-2222
   Facsimile:  (415) 397-6392
11
   Attorneys for Defendant
12 MBH ARCHITECTS, INC. aka
   MCNULTY BRISKMAN HEATH
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17 BOVIS LEND LEASE, INC. as assignee of      )   CASE NO. C 07 5262
   LNR-LENNAR BRANNAN STREET, LLC,            )
18                                            )   **JOINT RULE 26(F) REPORT,**
                                              )   **CASE MANAGEMENT**
                      Plaintiffs,             )   **CONFERENCE STATEMENT,**
19      vs.                                   )   **AND PROPOSED CASE**
                                              )   **MANAGEMENT ORDER**
20 MBH ARCHITECTS, INC. aka MCNULTY           )
   BRISKMAN HEATH and DOES 1 through 150,     )
21                                            )
                                              )
22                    Defendants.             )
                                              )
23 _____)

24       Pursuant to Civil L.R. 16-9 BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR

25 BRANNAN STREET, LLC (hereinafter "Bovis") and MBH ARCHITECTS, INC. aka

26 MCNULTY BRISKMAN HEATH (hereinafter "MBH") submit the following Joint Rule 26(f)

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

                                     1

1    Report, Case Management Conference Statement, and Proposed Case Management Order.

2    1.    JURISDICTION AND SERVICE

3    This matter was removed to United States District Court by MBH pursuant to the

4    provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states

5    and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Prior

6    to removal, all parties had been served and had appeared.  However, MBH intends to file a cross-

7    complaint against LENNAR for indemnity and to enforce an attorney's fees provision in its

8    contract with LENNAR

9    2.    FACTS

10   This matter arises out of the design and construction, as well as the provision of labor and

11   materials for the real property and residential homes known as Brannan Square located at 200

12   Brannan Street in San Francisco, California (hereinafter "Project").  On or about January 24,

13   2000, LENNAR entered into an agreement with MBH for the provision of architectural design

14   services for the Project[1].  Bovis alleges MBH failed to provide proper plans and details for the

15   Project, which in turn delayed the completion of the project as well as contributed to significant

16   construction defect claims by the residents of 200 Brannan.  Bovis alleges that MBH breached

17   the terms and conditions of the contract, by failing to provide proper plans and details for the

18   Project.  Specifically, Bovis alleges that MBH improperly designed, inspected, supervised and

19   planned key elements of the Project.  As a result, Bovis alleges that it has expended in excess of

20   $4 million in extra work, repairs, investigation costs, experts fees, and litigation costs as a result

21   of MBH's deficient work.  Additionally, Bovis alleges that MBH's failure to provide proper

22   plans and details for the Project, delayed the Project, which substantially increased the costs

23   incurred to construct the Project.

24   _____

25   [1] In May 2006, as part of a settlement of disputes between Bovis and LENNAR, LENNAR assigned to Bovis all of
     LENNAR'S rights and remedies against MBH and each of MBH's subconsultants.  Consequently, this action,
26   which involves claims and damages suffered by Lennar arising from MBH's deficient plans and specifications, is
     brought in the name of Bovis as party plaintiff.

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

2

1    MBH denies all allegations of design defect and contends that any construction defects

2  were cause by the action of Bovis and/or LENNAR as well as their subcontractors.  MBH further

3  denies its plans and specifications contributed to any construction defects or damages.  MBH

4  further denies all allegations that it caused any delay in the project and contends that any alleged

5  delay was caused by the negligence of either Bovis and/or LENNAR or their subcontractors.

6  Finally, MBH contends that all of Bovis and LENNAR's claims and/or damages are precluded

7  by their own negligence, the negligence of third parties, the doctrines of waiver and estoppel, and

8  MBH's other affirmative defenses.

9  3.    LEGAL ISSUES

10    The complaint alleges causes of action for Breach of Contract, Professional Negligence,

11  Equitable Indemnity and Negligence.  The key legal issues are

12    1.    Whether MBH breached the contract between it and LENNAR?

13    2.    Whether MBH breached the standard of care in performing design services for

14  LENNAR?

15    3.    Whether any alleged breach of the contract or standard of care caused damages to

16  LENNAR?

17  4.    MOTIONS

18    At this time, Bovis does not anticipate any law and motion filings.  However, motion

19  practice may become necessary as discovery progresses.  MBH may file a motion for summary

20  judgment after it conducts discovery.

21  5.    AMENDMENT OF PLEADINGS

22    At this time, Bovis does not anticipate any amendment to the pleadings.  However, Bovis

23  reserves its right to amend, should it discovery facts that warrant an amendment.

24  6.    EVIDENCE PRESERVATION

25    Bovis and its assignor have taken steps to ensure preservation of evidence relevant to the

26  issues in this matter.  Specifically, both Bovis and its assignor have litigation hold procedures in

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1   place that ensure evidence is preserved.

2   7.   DISCLOSURES

3        On January 18, 2008, the parties exchanged initial disclosures pursuant to Fed. R. Civ. P.

4   26(f).

5   8.   DISCOVERY

6        To date, the parties have not engaged in any formal discovery outside of the Initial

7   Disclosures pursuant to Fed. R. Civ. P. 26(f).

8        The parties will likely seek changes to the limitations imposed on discovery under the

9   Federal Rules of Civil Procedure as Bovis seeks in excess of $4,000,000 in damages and this

10  action involves the work of numerous subcontractors.

11       The parties anticipate completing, initial written discovery in April 2008.  After the

12  conclusion of the initial round of written discovery, the parties will likely take several percipient

13  witness depositions prior to mediation.  The depositions are expected to take place in May

14  though July  2008.

15       MBH anticipates Discovery will be needed as to the details of Bovis' allegations as an

16  assignee of LENNAR that MBH breached its contractual obligations as well as the standard of

17  care in performing design services; the nature and scope of LENNAR's alleged damages;

18  LENNAR's efforts to mitigate any alleged damages; and the factual bases for all of Bovis and/or

19  LENNAR's claims.

20       The parties do not anticipate the need for any changes to the limitations periods regarding

21  discovery; the parties do not seek any discovery orders at this time.

22       Expert witnesses should be disclosed upon the cut-off of fact discovery; rebuttal experts

23  should be disclosed 30 days thereafter

24  9.   RELATED CASES

25       On June 15, 2007, the 200 Brannan Street Owners Association served LNR-LENNAR

26  BRANNAN STREET, LLC, assignor of Bovis, with a Notice of Commencement of Legal

---

4

1  Proceeding Under Civil Code Section 895 et seq. and Civil Code Section 1375.  200 Brannan

2  Street Owners Association's claims are proceeding pursuant to the mandatory pre-litigation

3  alternative dispute resolution procedures set forth in California Civil Code Section 895 et seq.

4  and California Civil Code Section 1375 et seq.

5      Additionally, on May 7, 2007, Michael Cullen, an owner of a residence at the 200

6  Brannan Street project, filed the case entitled *MICHAEL CULLEN, as a nominal plaintiff on*

7  *behalf of 200 Brannan Owners Association (nominal defendant), an individual and class*

8  *representative, v. LNR-LENNAR BRANNAN STREET, LLC, a California limited liability*

9  *company; LENNAR CORP., a Delaware corporation; LNR PROPERTY CORPORATION, a*

10 *Delaware corporation; LENNAR SOUTHLAND I, INC., a California corporation; 200*

11 *BRANNAN OWNERS ASSOCIATION, a California non-profit mutual benefit corporation, a*

12 *nominal defendant; and DOES 1 through 50 inclusive,* San Francisco Superior Court case no.

13 CGC-07-463110.  Plaintiff alleges various construction defects related to his residence, as well

14 as all the common areas of the 200 Brannan Street project.  At this time, Bovis is not a party to

15 the *Cullen* matter.  However, Bovis' assignor LNR-LENNAR BRANNAN STREET, LLC is a

16 named defendant.

17 10.    RELIEF

18     Bovis seeks compensatory damages, costs of suit,  all attorneys' fees per contract and as

19 allowed by law; pre-judgment interest, disgorgement of profits and restitution of monies

20 wrongfully obtained, and other and further relief as this Court may deem just and proper.

21     Bovis estimates that its compensatory damages exceeds $4 million.  Bovis' damages

22 estimate is based upon the following: 1) delay damages during construction arising out of

23 MBH's failure to provide proper plans and details resulting in extended and increased job costs

24 to Bovis; and 2) post-construction defect claims arising out of MBH's plans and details.  Bovis

25 estimates that the delay damages total in excess of $2.5 million. while the defect estimate is in

26 excess of $1.7 million.  Bovis reserves its right to amend its damage estimate pending further

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

5

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1  evaluation of Bovis' consultants and discovery of additional information.

2      MBH intends to file a cross-claim against LENNAR based on an indemnity provision and

3  an attorney's fees provision in the contract between the two companies.

4  11.    SETTLEMENT AND ADR

5      The parties have stipulated to private ADR through Vivien Williamson or William Nagle.

6  Pursuant to the Court's Order, ADR is to be completed no later than July 13, 2008.

7  12.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

8      The parties do not consent to a Magistrate Judge for all purposes.

9  13.    OTHER REFERENCES

10      This case is not suitable for reference to binding arbitration.  At this time, the parties do

11  not feel that the appointment of a Special Master is necessary.

12  14.    NARROWING OF ISSUES

13      The parties will continue to meet and confer as trial approaches in a effort to narrow

14  issues through stipulation.

15  15.    EXPEDITED SCHEDULE

16      Based upon the complexity of the issues, and the amount of expert analysis, it is unlikely

17  that this matter can be handled on an expedited basis.

18  16.    SCHEDULING

19      The parties propose a trial date in March 2009, with a pretrial conference in February

20  2009.  Experts shall be designated no later than December12, 2008.  The discovery cutoff shall

21  be December 15, 2008.  Dispositive motions shall be heard prior to January 15, 2009.

22  17.    TRIAL

23      Bovis has requested a jury trial.  It is estimated that trial will last 15 to 20 court days.

24  18.    DISCLOSURE NON-PARTY INTERESTED ENTITES OR PERSONS

25      The parties are unaware of any non-party interested entities at this time.

26  //

**JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT**

1    19.    OTHER MATTERS

2         Prior to MBH's removal of the case to District Court, Bovis' petition for admission of

3    Stephen E. Ray of Stein, Ray & Harris LLP was granted by the Superior Court of San Francisco.

4    Bovis requests clarification of the Superior Court's order and its application in the District Court.

5

6    DATED:  January /8, 2008              GORDON & REES, LLP

7

8                                          By _____
                                           BRYCE D. CARROLL
9                                          Attorneys for Plaintiff
                                           BOVIS LEND LEASE, INC. as assignee of
10                                         LNR-LENNAR BRANNAN STREET, LLC

11   DATED:  January /8, 2008              LONG & LEVIT, LLP

12

13                                         By _____
                                           JENNIFER A. BECKER
14                                         Attorneys for Defendant
                                           MBH ARCHITECTS, INC. aka MCNULTY
15                                         BRISKMAN HEATH

16

17

18

19

20

21

22

23

24

25

26

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

LNAR/1043708/5315051v.1    **JOINT RULE 26(F) REPORT, CASE MANAGEMENT CONFERENCE STATEMENT, AND PROPOSED CASE MANAGEMENT ORDERJOINT**