1  SANDY M. KAPLAN  (SBN: 095065)
   BRYCE D. CARROLL  (SBN: 208593)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA  94111
4  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
5
   STEPHEN E. RAY (*Pro Hac Vice*)
6  STEIN, RAY & HARRIS LLP
   Stein Ray & Harris
7  222 West Adams Street, Suite 1800
   Chicago, IL  60606
8  Telephone: (312) 641-3700
   Facsimile:  (312) 641-3701
9
10 Attorneys for Plaintiff BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR
   BRANNAN STREET, LLC
11

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12
13                    UNITED STATES DISTRICT COURT
14                   NORTHERN DISTRICT OF CALIFORNIA
15                       SAN FRANCISCO DIVISION
16

| | |
|---|---|
| 17  BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC | CASE NO. C 07-05262 JSW |
| 18                         Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR LEAVE TO** |
| 19       vs. | **FILE A THIRD PARTY COMPLAINT AGAINST LNR-** |
| 20  MBH ARCHITECTS, INC. aka MCNULTY | **LENNAR BRANNAN STREET, LLC** |
| 21  BRISKMAN HEATH and DOES 1 through 150, inclusive, | |
| 22                         Defendant. | Date:   April 4, 2008 |
| 23  | Time:   9:00 a.m. Judge: Hon. Jeffrey S. White |

24
25      Plaintiff Bovis Lend Lease, Inc. ("BOVIS") submits the following opposition to
26 Defendant MBH Architects, Inc. aka McNulty Briskman Heath's ("MBH") motion for leave to
27 file a third party complaint against LNR-LENNAR BRANNAN STREET, LLC("LENNAR").
28

-1-
OPPOSITION TO MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN

# I.     INTRODUCTION

LENNAR assigned its rights under the MBH-LENNAR contract to BOVIS as part of a negotiated settlement. BOVIS subsequently filed this current action, as LENNAR'S assignee, against MBH, alleging claims related to the deficient design work performed by MBH. Pursuant to the MBH-LENNAR contract, LENNAR is obligated to indemnify MBH <u>only for claims that arise out of the negligent errors, acts, or omissions of either LENNAR</u> or its subcontractors. LENNAR has no contractual duty to indemnify MBH for claims related solely to the professional services performed by MBH. As such, impleader is improper as LENNAR can never be held liable for MBH's own design work. BOVIS respectfully requests that the motion for leave be denied. Alternatively, BOVIS respectfully requests that the matter be remanded to state court.

# II.     STATEMENT OF FACTS

This matter arises out of the design and construction, of the real property and residential homes known as Brannan Square located at 200 Brannan Street in San Francisco, California (hereinafter "Project".) (Declaration of S. Mitchell Kaplan ("Kaplan Declaration")¶ 3 Ex. A.) On or about January 24, 2000, LENNAR entered into an agreement with MBH for the provision of architectural design services for the Project. (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages, Ex. A.) In May 2006, as part of a settlement of disputes between BOVIS and LENNAR, LENNAR assigned to BOVIS all of LENNAR'S rights and remedies against MBH and each of MBH's subconsultants. (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages ¶ 8) Consequently, this action, which involves claims and damages suffered by LENNAR arising from MBH's deficient plans and specifications, is brought in the name of BOVIS as party plaintiff. (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages ¶ 8.)

The complaint alleges that MBH failed to provide proper plans and details for the Project, which in turn delayed the completion of the project as well as contributed to significant construction defect claims by the residents of 200 Brannan. (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages ¶ 12.) The complaint alleges that MBH breached the terms and conditions of the contract, by failing to provide proper plans and details for the Project. (Kaplan

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

OPPOSITION TO MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN

1  Declaration ¶ 3 Ex. A, Complaint for Damages ¶ 12.)  Specifically, BOVIS alleges that MBH

2  improperly designed, inspected, supervised and planned key elements of the Project.  As a result,

3  BOVIS alleges that it has expended in excess of $5 million in extra work, repairs, investigation

4  costs, experts fees, and litigation costs as a *result of MBH's deficient work*.  (Kaplan Declaration

5  ¶ 3 Ex. A, Complaint for Damages ¶¶ 12 & 13.)

6        MBH claims that LENNAR must indemnify it according to the MBH- LENNAR

7  contract.  The MBH- LENNAR contract states in specific, "the owner[LENNAR] shall

8  indemnify and hold harmless Professional[MBH] from losses, costs, claims, damages, liabilities

9  and attorneys' fees which Professional incurs as a result *of any negligent errors, acts or*

10  *omissions of Owner or any contractor or subcontractor employed or retained directly by*

11  *Owner*."    (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages, Ex. A ¶ 6.07, *emphasis*

12  *added*.)

13              **III.    PROCEDURAL BACKGROUND**

14        On June 12, 2007, BOVIS, as assignee of LNR-LENNAR BRANNAN STREET, LLC,

15  filed an action in the Superior Court of the state of California in and for the County of San

16  Francisco, entitled *Bovis Lend Lease, Inc., Plaintiff vs. MBH Architects, Inc.*, as Case Number

17  CGC07-464235.  On October 16, 2007, MBH, a California Corporation, removed this matter to

18  U.S. District Court in the Northern District.

19        On June 15, 2007 the 200 Brannan Owners Association ("200 BOA") served LENNAR,

20  under California State Law, with a notice of commencement of Legal Proceeding under Civil

21  Code Section 895 et. seq., also known as the Calderon proceedings.  200 BOA made

22  construction deficiency claims as to the common areas in their condominium complex.  Several

23  of the claims relate to MBH'S design.

24        On May 4, 2007 Michael Cullen filed a complaint against LENNAR in California state

25  court.  Plaintiff Cullen alleged construction defects related to the purchase of his condominium at

26  the property.  Additionally, plaintiff alleges derivative claims on behalf of the HOA.  The claims

27  alleged by Cullen include design related claims involving MBH's scope of work.

28              **IV.    LEGAL ARGUMENT**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-3-

1    A.    **MBH Has No Right of Impleader**

2        Contrary to MBH's contention in its moving papers, MBH is not guaranteed the right of

3    impleader. Rule 14(a) is procedural and does not create a substantive remedy. To utilize Rule

4    14, a third-party plaintiff must demonstrate an existing right of action against the third-party

5    defendant.(See *Andrulonis v. United States (2nd Cir. 1994) 26 F. 3d 1224, 1233.)* Impleader is

6    only proper under Rule 14 where a defendant seeks to join "a nonparty who *is or may be liable*

7    to it or all or part of the claim against it." (FRCP14(a))(emphasis added.) Here, MBH *cannot*

8    show that LENNAR would ever be liable to MBH for the claims asserted by BOVIS as

9    LENNAR's assignee in its complaint. Specifically, MBH's indemnity theory is circular. MBH

10    is demands that LENNAR indemnify MBH for LENNAR's own damages.

11        MBH's sole claim against LENNAR stems directly from a contractual indemnity clause

12    contained in the MBH-LENNAR agreement. The indemnity provision contained in that

13    agreement states that LENNAR will indemnify MBH *only* for claims which are the result of "any

14    negligent errors, acts or omissions of [LENNAR] or any contractor or subcontractor employed or

15    retained directly by [LENNAR]." (Kaplan Declaration ¶ 3 Ex. A, Complaint for Damages, Ex.

16    A ¶ 6.07.) BOVIS' claims, as assignee of LNR-LENNAR BRANNAN STREET, LLC, against

17    MBH are related solely to the professional services rendered by MBH on the project, including

18    preparation of plans and specifications, conformance to applicable building codes and industry

19    standards, and consulting services. None of the claims asserted by BOVIS involve or relate to

20    any actions or omissions by either LENNAR or any of its subcontractors. The allegations

21    specifically target services provided by MBH or its design subconsultants only. Based on the

22    claims asserted by BOVIS against MBH, the indemnity provision is not triggered, and as such,

23    MBH cannot establish that LENNAR either "is or may be liable" for any of BOVIS' claims. As

24    a result, impleader as to LENNAR is improper, and MBH's motion should be denied.

25    B.    **MBH's Claim Against LENNAR is Completely Independent of Those
        Raised by BOVIS, Making Impleader Improper**

26

27        Based upon BOVIS' design-related claims alleged in the operative complaint, any claim

28    by MBH against LENNAR would be independent from those made by BOVIS. MBH alleges

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

1  that its indemnity claims are transactionally related to those raised in BOVIS' complaint,

2  therefore giving it the right to impleader.  However, "impleader does not lie for independent

3  claims against third parties, even if those claims are transactionally related to the plaintiffs

4  actions against the defendant." *United States v. One 1077 Mercedes Benz(9th Cir. 1983) 708 F.*

5  *2d 444, 4452.*

6          MBH's claim against LENNAR is a complete and separate claim from those asserted by

7  BOVIS.  BOVIS' claim against MBH is based solely on MBH's design-related actions on the

8  Project.  BOVIS does not allege nor raise any issues in its complaint regarding the performance

9  of either LENNAR or its subcontractors.  In fact, BOVIS' claim was tailored specifically to

10 address only the design-related deficiencies with the Project which were the sole responsibility

11 of MBH and its subconsultants.  As such, any claim by MBH regarding the alleged negligence of

12 parties not involved with the design of the Project would be considered independent claims, and

13 improper for purpose of impleader.

14         **C.    Impleading Lennar will Only Complicate the Issues**

15         MBH argues that the court should liberally construe in favor of MBH to allow the motion

16 for impleader.  While this may be proper, the Court should only find impleader appropriate after

17 balancing the benefits afforded to the defendant against the possible prejudice to the plaintiff and

18 third party defendant, the complication of issues at trial, the merits of the third party complaint

19 and any additional costs that may be incurred by the parties.

20         In this case, any benefit gained by MBH is greatly outweighed by the prejudice to both

21 BOVIS and LENNAR.  BOVIS and LENNAR has settled the matters between them, resulting in

22 the assignment of rights that gives rise to this action against MBH.  BOVIS has specifically

23 raised only those claims relating to the design of the Project; an issue that was not litigated in the

24 previous action between BOVIS and LENNAR.  The only entity responsible for the design of the

25 Project was MBH.  MBH now seeks to implead LENNAR into this action, and essentially turn a

26 design-related case into a re-litigation of issues already settled.  LENNAR will be forced to

27 defend meritless claims against it, and BOVIS will incur additional costs while MBH attempts to

28 prove that a party, who was not involved with the design of the project, was somehow negligent

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-5-

1    with regards to the preparation and execution of the design.

2        The addition of LENNAR will only complicate the issues at trial.  While BOVIS' claims

3    is for design-related issues only, MBH's third party complaint raises not only contractual

4    interpretation issues, but will require a finding of negligence as to either LENNAR or its various

5    subcontractors.  Wherein BOVIS' claim seeks only to explore the contract between MBH and

6    LENNAR, and the professional standard of care for an architect, MBH's claim seeks to expand

7    these issues to include, potentially, the duties and standard of care for various different

8    contractors, and whether or not there was a breach of those duties.  Impleader will greatly expand

9    the triable issues in this matter.

10        Moreover, MBH's third party complaint has absolutely no merit.  As discussed above, the

11   indemnity provision which MBH relied on only provided indemnity for claims against MBH that

12   arise from the "negligent errors, acts, or omissions" of either LENNAR or its subcontractors.

13   Because BOVIS' claims against MBH are solely design-related, and thus were the sole

14   responsibility of MBH and its subconsultants, LENNAR could never be liable to indemnify

15   MBH for its sole negligence.  As such, allowing impleader will be a waste of judicial resources,

16   not to mention a financial burden on both LENNAR and BOVIS in having to litigate a meritless

17   claim.

18        In balancing the above considerations, it is apparent that impleader is improper in this

19   situation.  MBH's third party complaint is meritless and will only complicate the triable issues in

20   this matter.  As such, MBH's motion should be denied.

21        **D.    MBH's Removal was Improper Based on Section 1441**

22        Alternatively, should the Court grant MBH's motion for leave, BOVIS, respectfully

23   requests that the matter be remanded to state court based upon MBH's California residence.

24   MBH, a California corporation, improperly removed this matter to District Court.  According to

25   28 U.S.C.A. section 1441(b)

26            Any civil action of which the district courts have original
             jurisdiction founded on a claim or right arising under the
27            Constitution, treaties or laws of the United States shall be
             removable without regard to the citizenship or residence of the
28            parties.  Any other such action shall be removable only if none of

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-6-

1   the parties interest properly joined and <u>served as defendants is a</u>
    <u>citizen of the State in which such action is brought.</u> (emphasis
2   added).

3       A local defendant cannot remove a matter to District Court based on diversity

4   jurisdiction.(*Spencer v. United States Dist. Ct. for Northern Dist. Of Calif (Altec Industries,*

5   *Inc.)*(9th Cir. 2004) 393 F. 3d 867, 870.)  MBH is a resident of California, and therefore its

6   request for removal was improper.  Based upon the improper removal, BOVIS respectfully

7   request that this matter be remanded back to state court.

8       In addition, judicial economy would be served if this matter were remanded to State

9   Court.  In light of the design claims raised by 200 BOA through the Calderon proceeding, as well

10  as the *Cullen* matter proceeding in State Court, judicial economy would be served if all three

11  actions proceeded concurrently in State Court.

12              **IV. CONCLUSION**

13      In sum, this motion should not be granted in order to avoid judicial inefficiency and since

14  LENNAR is not a proper third party impleader.

15

16  Dated:  March ᵗ⁷  , 2008                    GORDON & REES LLP

17

18                                             By: _S. Mitchell K_____

19                                             S. MITCHELL KAPLAN
                                               Attorneys for Plaintiff BOVIS LEND LEASE,
20                                             INC. as assignee of LNR-LENNAR
                                               BRANNAN STREET, LLC

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

LNAR/1043708/5505677v.1

OPPOSITION TO MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN