1    JENNIFER A. BECKER  State Bar # 121319
     JOHN B. SULLIVAN  State Bar # 238306
2    LONG & LEVIT LLP
     465 California Street, Suite 500
3    San Francisco, CA  94104
     TEL: (415) 397-2222  FAX: (415) 397-6392
4
     jabecker@longlevit.com / jsullivan@longlevit.com
5
     Attorneys for Defendant
6    MBH ARCHITECTS, INC. aka McNULTY
     BRISKMAN HEATH
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   BOVIS LEND LEASE, INC. as assignee       CASE No. C 07-05262 JSW
     of LNR-LENNAR BRANNAN STREET,
13   LLC,                                     **REPLY BRIEF IN SUPPORT OF MBH
                                              ARCHITECTS, INC.'S MOTION FOR
14                          Plaintiff,        LEAVE TO FILE A THIRD PARTY
                                              COMPLAINT AGAINST LNR-LENNAR
15        vs.                                 BRANNAN STREET, LLC**

16   MBH ARCHITECTS, INC. aka                 Date:      April 18, 2008
     McNULTY BRISKMAN HEATH and               Time:      9:00 a.m.
17   DOES 1 through 150, inclusive,           Courtroom: Hon. Jeffrey S. White

18                          Defendant.

19

20   I.    **INTRODUCTION**[1]

21            This is a simple and straightforward motion.  MBH Architects, Inc. ("MBH")

22   seeks to implead LNR-Lennar Brannan Street, LLC ("Lennar") into this action based on a

23   contractual indemnity provision in a contract between the two parties.  As set forth in the moving

24   _____

25   [1] MBH respectfully requests that this Court consider this Reply Brief despite the fact that it was
     not timely filed due to a calendaring error at Long & Levit.  MBH originally filed this motion for
     April 4, 2008.  However, the Court informed counsel that the earliest such a motion could be
26   heard was April 18, 2008.  MBH re-noticed the motion for that date, and believed that its Reply
     Brief was not due until April 4, 2008, 14 days prior to the hearing date of April 18, 2008 under
27   Local Rule 7-3.  On March 26, 2008 counsel discovered that this Reply Brief was in fact due on
     March 21, 2008.  It filed the Reply Brief on that same day.  This late filing will not prejudice
28   Bovis because Bovis is not entitled to file a responsive pleading.

                                              1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD
PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW

1  papers, the contract provides that MBH is entitled to indemnity from Lennar for all losses, costs,

2  claims, damages, liabilities and attorneys' fees which MBH incurs as a result of any negligent

3  errors, acts or omissions of Lennar or any other contractor or subcontractor employed or retained

4  directly by Lennar. (Declaration of John B. Sullivan In Support of Reply Brief In Support of

5  MBH Architects, Inc.'s Motion for Leave To File A Third Party Complaint Against LNR-Lennar

6  Brannan Street, LLC, ("Sullivan Dec." ¶5, Ex. 2, Ex.A).

7       This Court should disregard the arguments set forth in Bovis Lend Lease, Inc.'s

8  ("Bovis") opposition to this motion. Bovis' arguments are contradicted by the case law cited in

9  their own opposition to this motion and they lack merit. Instead, this Court should allow MBH to

10 implead Lennar as a third party defendant to assert its contractual right of indemnity for the

11 reasons set forth below.

12      Moreover, the Court should refuse to consider Bovis' request to remand this action

13 based on the local defendant rule. Bovis waived its right to seek such relief when it failed to file a

14 motion to remand this action within 30 days of it being removed from the state court. Moreover,

15 whether this action should be remanded was not put at issue by MBH's motion for leave to

16 implead a third party.

17 **II.    LEGAL ARGUMENT**

18    **A.    FRCP 14 Allows MBH To Implead Lennar To Assert Its Indemnification**
        **Claim And Claim For Attorneys' Fees**

19

20      MBH may implead Lennar because Lennar may be liable for all or part of any

21 judgment obtained by Bovis. See *Andrulonis v. United States* (2nd Cir. 1994) 26 F.3d 1224,

22 1233. Bovis relied on the *Andrulonis* decision to support its contention that MBH cannot implead

23 Lennar in this action. However, the *Andrulonis* case establishes that the Court should allow MBH

24 to implead Lennar in this action.

25      In *Anrulonis*, the Second Circuit held that FRCP 14 "allows a defendant to bring in

26 a third party-party defendant even though the defendant's claim is purely inchoate--i.e., has not

27 yet accrued under the governing substantive law--so long as the third-party defendant may

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD
PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW

1    become liable for all of part of the plaintiff's judgment." *Andrulonis,* 26 F.3d at 1233. The Court

2    held that FRCP 14(a) permitted a defendant to implead a joint tortfeasor for contribution before

3    the right to contribution accrued "because that third party 'may be liable to the defendant for a

4    share of the plaintiff's primary judgment'". *Id.* Such a claim is "properly characterized as

5    "contingent." *Id.*

6          This Court should allow MBH to implead Lennar because Lennar may be liable

7    for all or part of any judgment obtained by Bovis. Bovis contends that MBH breached its

8    standard of care as the architect on the project. (Complaint For Damages, Sullivan Dec., ¶ 5, Ex.

9    2). Under this contract, MBH is entitled to indemnity from Lennar for all losses, costs, claims,

10   damages, liabilities and attorneys' fees which MBH incurs as a result of any negligent errors, acts

11   or omissions of Lennar or any other contractor or subcontractor employed or retained directly by

12   Lennar. Thus, to the extent that MBH can establish during this litigation that many of these

13   alleged breaches were not caused by the actions of MBH, but instead by the actions of Lennar,

14   and its contractors and subcontracors, including Bovis, MBH is entitled to indemnity from

15   Lennar. Because Bovis cannot establish at this stage of the proceedings that the alleged breaches

16   were not caused by Lennar, or any of its contractors or subcontractors, this Court should allow

17   MBH to implead Lennar.

18          Moreover, Bovis assertion that none of the claims asserted by Bovis involve or

19   relate to any action or omissions by Lennar or any of its subcontractors is absurd. The dispute

20   between Lennar and MBH arose not in a vacuum, but on a construction site that involved MBH,

21   Bovis, Lennar and several other parties. Although MBH provided design services on this project,

22   other entities, including Lennar and Bovis, were involved in the implementation of these designs.

23   MBH contends that certain damages sought by Bovis in this litigation were not caused by the

24   design of services provided by MBH, but by the actions of Lennar and it contractors and

25   subcontractors.

26          Further, Bovis' claim that MBH's indemnity theory is circular is without merit.

27   Bovis is alleging that MBH breached its obligations under its contract with Lennar. MBH

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD
PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW

contends that the negligence of Lennar and its subcontractors caused the damages sought by Bovis. Under the agreement between Lennar and MBH, MBH is allowed to seek indemnity for these damages. Had Lennar brought this action against MBH, MBH could have cross-complained against Lennar based on this indemnity right. However, Lennar assigned its rights and remedies under the contract to Bovis, and Bovis brought suit. Thus, MBH is forced to implead Lennar.

Finally, MBH is entitled to attorneys' fees from Lennar or Bovis if it prevails on this action. (Sullivan Dec., ¶5, Ex. 2, Ex. A.) Bovis has denied that it is responsible for this attorney fee provision. (Sullivan Dec., ¶6, Ex. 3.) MBH's claim for attorneys' fees is related to and derivative of Bovis' action for a breach of the contract between MBH and Lennar.

**B.    MBH's Causes of Action Related to Bovis' Complaint**

Bovis contends that MBH's claims against Lennar are completely independent of those raised by Bovis. However, the very nature of an indemnity claim proves that this argument lacks merit.

Impleader is commonly used to assert indemnity claims. Schwarzer, Tashima & Wagstaffe, *California Practice Guide, Federal Civil Procedure Before Trial,* (2006), p.7-93, 7:311; citing *Gross v. Hanover Ins. Co.* (SD NY 1991) 138 FRD 53, 54. "The crucial characteristic of a third party complaint is that the original defendant is attempting to transfer to the third party defendant the liability asserted by him against the original plaintiff." *Lambert v. Inryco, Inc.* (WD OK 1980) 589 F.Supp. 908, 911. The third-party defendant need not be liable to the original plaintiff. In fact, the original defendant may recover judgment on an impleader claim even if the third-party defendant bears no direct liability to the original plaintiff. *Huggins v. Graves* (6th Cir. 1964) 337 F.2d 486, 489; *Irwin v. Mascott* (ND CA 2000) 94 F.Supp.2d 1052, 1056-1057.

Here, MBH's claim for indemnity is related to this action. Bovis claims that MBH breached its contract with Lennar and thus caused Lennar damages. MBH contends that the negligence of Lennar as well as its contractors or subcontractors contributed to the damages

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW

1    sought by MBH. It is entitled to indemnity to the extent that it can prove that the damages sought

2    by Bovis were caused by Lennar, its contractors or its subcontractors. Thus, the claims are

3    related.

4            Moreover, Bovis' reliance on *United States v. One 1077 Mercedes Benz* for the

5    proposition that impleader is improper is distinguishable. (9th Cir. 1983) 708 F.2d 444. In that

6    case, the United States sued to forfeit defendant's car for illegal activities. *Id.* at 452. The Ninth

7    Circuit held that the defendant could not rely on FRCP 14 to join federal agents who allegedly

8    violated her rights in seizing the car. *Id.* Unlike the defendant in *One 1077 Mercedes Benz*,

9    MBH's claim for indemnity from Lennar is related to and derivative of the allegations in Bovis'

10   complaint.

11           **C.    Impleading Lennar Will Not Complicate The Issues**

12           Bovis claims that the Court should deny MBH's motion for leave to implead

13   Lennar because it will "complicate the issues". But Bovis' analysis is flawed because Lennar and

14   its contractors and subcontractors' conduct will be at issue in this case regardless of whether

15   MBH is allowed to implead Lennar.

16           Neither Bovis nor Lennar will be prejudiced by allowing MBH to implead Lennar.

17   The fact that Lennar would be forced to defend a claim for indemnity against it does not establish

18   prejudice. If so, a motion for leave to implead a party would always be denied on the ground that

19   it would prejudice the third party defendant. Further, Bovis will not be prejudiced if it incurs

20   costs while MBH attempts to prove that Lennar's negligence was the cause of damages sought by

21   Bovis. Regardless of whether the Court grants this motion, the conduct of Lennar, its contractors

22   and subcontractors will be an issue in this case. Because Bovis brought this action as an assignee

23   of Lennar, any negligent conduct on the part of Lennar can preclude Bovis from recovering

24   damages. Thus, Bovis will not be unduly prejudiced by allowing MBH to implead Lennar.

25           Moreover, the addition of Lennar will not complicate the issues. Despite Bovis'

26   assertion that its claims seek only to explore the professional standard of care of MBH, the

27   actions of Lennar and its contractors and subcontractors will certainly be at issue in this case for

28

5

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD
PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW

1    the reasons stated above.  MBH will contend that many of the costs Lennar incurred for delay and

2    remediation were not caused by MBH, but by Lennar and or its contractors and subcontractors.

3    Thus, allowing MBH to implead Lennar into this action to participate in the litigation of these

4    issues will not complicate the issues already in front of this Court.  When the Court considers this

5    as well as the attorney fee provision in the contract between Lennar and MBH, allowing MBH to

6    implead Lennar will promote judicial economy by allowing the Court to resolve all of these issues

7    in one action.

8            Finally, Bovis cannot establish at this stage of the proceedings that MBH's third

9    party complaint has no merit.  Bovis' contention that Lennar would never be liable to indemnify

10   MBH because Bovis' claims against MBH are for design related issues ignores the reality of

11   litigation arising out of the construction of a building.  MBH contends and will establish that

12   several categories of damages sought by Bovis were not caused by its design services, but by the

13   action of Lennar and its contractors and subcontractors.  Absent any evidence to the contrary

14   from Bovis, the Court should not deny this motion on the ground that it lacks merit.

15       **D.     The Court Should Not Remand This Action**

16           The Court should deny Bovis' request to remand this action.  Bovis has not made a

17   motion to remand this action in accordance with ND CA Rule 7.1.  Moreover, the "no-local-

18   defendant" limitation of §1441(b) is procedural, not jurisdictional.  *In re Shell Oil Co.* (5th Cir.

19   1991) 932 F.2d 1518, 1522.  Thus, where a plaintiff fails to make a timely motion for remand on

20   the ground, the defect is waived as long as there is complete diversity.  *In re Shell Oil Co.* 932

21   F.2d at 1522; *Korea Exchange Bank v. TrackwiseSales Corp.* (3rd Cir. 1995) 66 F.3d 46, 50.

22   Therefore, the Court should deny Bovis' request to remand this action.

23   ///

24   ///

25   ///

26   ///

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6

1    **III.    CONCLUSION**

2            For the foregoing reasons, this Court should allow MBH to implead Lennar into

3    this action and deny Bovis' request to remand this action.

4

5    Dated: March 2̄6̄, 2008                           LONG & LEVIT LLP

6

7                                                    By  _____

8                                                        JENNIFER A. BECKER
                                                         JOHN B. SULLIVAN
9                                                        Attorneys for Defendant and Third Party
                                                         Plaintiff MBH ARCHITECTS, INC. aka
10                                                       McNULTY BRISKMAN HEATH

      DOCS\S7630-028\547006.V1
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY BRIEF IN SUPPORT OF MBH ARCHITECTS, INC.'S MOTION FOR LEAVE TO FILE A THIRD
PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC ** NO. C 07 05262 JSW