1    S. MITCHELL KAPLAN  (SBN 095065)
2    BRYCE CARROLL  (SBN 208593)
    GORDON & REES LLP
3    275 Battery Street, Suite 2000
    San Francisco, CA 94111
4    Telephone: (415) 986-5900
    Facsimile:  (415) 986-8054
5

6    STEPHEN E. RAY (*Pro Hac Vice*)
    STEIN, RAY & HARRIS LLP
7    Stein Ray & Harris
    222 West Adams Street, Suite 1800
8    Chicago, IL  60606
    Telephone: (312) 641-3700
9    Facsimile:  (312) 641-3701

10    Attorneys for Plaintiff
11    BOVIS LEND LEASE, INC. as assignee of
    LNR-LENNAR BRANNAN STREET, LLC
12

13            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
14               SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 15   BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC, | ) | Case No. C 075262 |
| 16 | ) | |
| | ) | **BOVIS LEND LEASE, INC.'S** |
| 17            Plaintiffs, | ) | **ANSWERS TO MBH ARCHITECT'S** |
| | ) | **FIRST SET OF SPECIAL** |
| 18     vs. | ) | **INTERROGATORIES** |
| | ) | |
| 19   MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH and DOES 1 through 150, | ) | |
| 20 | ) | |
| | ) | |
|           Defendants. | ) | |
| 21 | ) | |

22

23

24

25

26

27

28

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

LNAR/1043708/5564174v.1

1   PROPOUNDING PARTY:     MBH Architects, Inc.

2   RESPONDING PARTY:      Bovis Lend Lease, Inc.

3   SET NUMBER:            One

4          Bovis Lend Lease, Inc. ("Bovis") by and through its attorneys, Gordon & Rees LLP and

5   Stein, Ray & Harris LLP, hereby respond to MBH Architects, Inc.'s ("MBH") Interrogatories as

6   follows:

7                **INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS**

8          PLEASE TAKE NOTICE that Bovis has endeavored in good faith to respond to MBH's

9   Interrogatories, Set One. As a general response to each interrogatory, Bovis states that its

10  responses are made solely for the purpose of and in relation to this action. Each response is

11  given subject to all appropriate objections (including, but not limited to, those of competence,

12  relevance, materiality, propriety and admissibility) which would require the exclusion of any

13  statement contained herein if the interrogatory were asked of, or any statement contained herein

14  were made by, the witness present and testifying in court. All objections and grounds therefore

15  are reserved for trial. Bovis has not completed its investigation of the facts relating to this case

16  and has not completed discovery in this action. All responses contained herein are based only

17  upon the information, which is presently available and specifically known to Bovis. Further

18  discovery, investigation, review of records, research and analysis may establish new conclusions

19  and legal contentions and reveal additional and further responses. Therefore, the following

20  responses are given without prejudice to Bovis's right to produce evidence of subsequently

21  discovered facts.

22         Except for the explicit facts admitted herein, no admissions of any nature whatsoever are

23  to be implied or inferred. The fact that an interrogatory has been responded to herein should not

24  be taken as an admission or an acceptance of the existence of facts set forth or assumed by such

25  interrogatory or that the response constitutes evidence of any facts set forth or assumed. All

26  responses are given and should be construed on the basis of present knowledge.

27         Without waiving any of the foregoing general responses and objections, the responses

28

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1  contained herein are made in good faith to supply as much factual information as is presently

2  known, but should in no way prejudice Bovis with respect to further discovery, research or

3  analysis.

4  <div align="center">**SPECIFIC OBJECTIONS**</div>

5      1.    Bovis objects to these Interrogatories to the extent that they seek information

6  and/or documents subject to the attorney/client privilege, work product doctrine or any other

7  applicable privilege, protection or immunity.

8      2.    Bovis objects to these Interrogatories to the extent that they seek disclosure of

9  trade secrets, confidential business or other proprietary information, including but not limited to,

10  Bovis' business decisions and decision-making processes and confidential business information

11  related to its pricing.  Bovis will not produce such confidential, business, proprietary information

12  without the entry of an appropriate protective order.

13      3.    Bovis objects to these Interrogatories to the extent that they request information or

14  documents which are not relevant to this litigation and/or not reasonably calculated to lead to the

15  discovery of relevant evidence.

16      4.    Bovis objects to these Interrogatories to the extent that they are overly broad,

17  oppressive, unduly burdensome, not reasonably tailored to the facts and issues of this litigation,

18  and/or meant to harass Bovis.

19      5.    Bovis objects to these Interrogatories to the extent that they are vague,

20  ambiguous, confusing, misleading, incapable of interpretation and/or insufficiently defined.

21      6.    Bovis objects to these Interrogatories to the extent they seek Bovis' contentions or

22  legal positions including, but not limited to, Bovis' contention or legal position regarding the

23  merit and allegations of the underlying claims, and as overly broad.

24      7.    Bovis objects to the Interrogatories to the extent that they seek information

25  equally or more readily available to MBH from its own records, from other defendants, from

26  third parties, or that are a matter of public record.

27

28

<div align="center">3</div>

<div align="center">BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S<br>FIRST SET OF SPECIAL INTERROGATORIES</div>

<div style="float:left">GORDON & REES, LLP<br>ATTORNEYS AT LAW<br>EMBARCADERO CENTER WEST<br>275 BATTERY STREET, TWENTIETH FLOOR<br>SAN FRANCISCO, CA 94111</div>

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1    <u>RESPONSES TO INTERROGATORIES</u>

2    <u>SPECIAL INTERROGATORY NO. 1:</u>

3        For each type of damages, monetary or otherwise, that you claim in this lawsuit, state the

4    following:

5        a.    type of damages; and

6        b.    the amount of damages claimed, and explain how the amount claimed was

7    calculated.

8    <u>RESPONSE TO SPECIAL INTERROGATORY NO. 1:</u>

9        Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

10   Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

11   attorney-client privilege and/or work product privilege.  Bovis further objects to this

12   interrogatory as it calls for a legal conclusion.  Subject to and without waiving these objections

13   or the General and Specific Objections, plaintiff seeks compensatory damages in an amount in

14   excess of $5 million, presently believed by Plaintiff to have been caused by MBH's breach of the

15   Professional Services Agreement (the "Agreement") between Lennar and MBH and the resulting

16   costs that Lennar has incurred to assess and remediate MBH's inadequate work on the

17   condominium complex located at 200 Brannan Street and One Federal Street in San Francisco,

18   California (the "Project") and for Project delays caused by MBH which increased Lennar's costs

19   to construct the Project.  This amount was calculated based on the value of services and materials

20   that Lennar either paid or became liable to pay to third parties for Project delays caused by MBH

21   and to remediate MBH's improper work on the Project.  This dollar figure includes the monies

22   paid by Lennar to Bovis for extended General Conditions costs caused by MBH's errors and

23   omissions and the sums paid by Lennar to Bovis involving additional costs incurred by

24   subcontractors arising from MBH's errors and omissions.  Because of MBH's errors and

25   omissions, Lennar also incurred costs to correct individual components of the Project, which

26   were determined to be defective and inadequate.  These individual components include, but are

27   not limited to, the following items.

28

4

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

a.  The design team's plans mislocated deep concrete beams in numerous locations;

b.  the design team failed to properly locate the cooling towers and provide the necessary support for mechanical equipment to be installed on the roof system;

c.  the design team failed to properly design and locate the davits for the window washing system;

d.  the design team failed to properly design the project plans to accommodate well-known mechanical equipment and to coordinate structural steel locations with architectural elements at the sawtooth elevation;

e.  the design team's drawings failed to include adequate and glazing, concrete and MEP systems details;

f.  the design team failed to properly design the bathtubs and surrounds in 1 Federal, resulting in a rejection by the City of San Francisco plumbing inspector and the issuance of a correction notice;

g.  the design team's plans and specifications failed to include vestibules in stairways as required per City and Code building requirements;

h.  the design team's specifications required the use of Italian cream marble for the kitchen countertops in 109 units, which resulted in homeowner claims;

i.  the design team specified an improper garage gates given its frequency of use;

j.  the design team specified an improper mews and courtyard gates that failed to meet applicable professional standards;

k.  the design team specified improper penthouse gates that were too heavy, given the design team's selection of the associated materials and hardware, preventing the gates from properly closing;

l.  the design team's plans and specifications specified inadequate range hoods for approximately 19 units;

m.  design team's plans mislocated the soffits in a number of units, which resulted in a correction notice from the building inspector;

5

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

n.  the design team's plans provided no reasonable means for access to the elevator #4 call button;

o.  the design team's plans failed to include the proper dimensions for common walls;

p.  the design team's plans and specifications failed to adequately address acoustical issues at the fitness center and other areas constructed in accordance with the design team's plans and specifications, including at the stairwells and units affected by the garage;

q.  the design team's plans and specifications of Unit 506's bathroom waterproofing detail in the plans was erroneous, resulting in a leak through the waterproofing at the back side of the tub that goes through the wall and appears on the entry foyer wall baseboard;

r.  the design documents issued by MBH lacked door stops on all of the private balcony patio doors;

s.  the design team's plan for Unit 49 specified an inward swinging door, which has resulted in significant leakage into the unit;

t.  the design documents issued by Kwan Hemni, a subconsultant to MBH, lacked the detail necessary regarding the welding for the canopy at One Federal;

u.  the design team's plans and specifications failed to include correct UL wall types as required by the Code and the City of San Francisco;

v.  the design team's original plans and specifications required stainless steel baseboards throughout the common areas that were not in conformance with the fire rating of the walls;

w.  the design team's plan failed to include the necessary patio gate for Unit 504 in order to access the window washing davit;

x.  the design team's plan for the penthouse fireplace designs failed to address back-drafting issues; and

6

1    y.    the design team's plan for Stair 1A contained inconsistencies relating to the

2          monolithic curb details.

3        Damages being sought by Plaintiff are subject to further review by Plaintiff and its

4    experts.  Plaintiff reserves the right to supplement and/or modify this response as additional

5    information becomes available.

6    **SPECIAL INTERROGATORY NO. 2:**

7        Please state the name, employer, address and phone number of each person(s) who has

8    knowledge of the facts set forth in your response to Interrogatory No. 1.

9    **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

10        Subject to and without waiving the General and Specific Objections, Bovis states that the

11    following individuals may have knowledge of specific errors and omissions of MBH on the

12    Project, actions taken to correct such errors and omissions, and costs/damages incurred by

13    Lennar as a result of MBH's errors and omissions:

14        1.    Scott Halfwassen

15        2.    Joseph Almirantearena

        3.    Gordon Covey

16        4.    John Chiaverini

17        5.    Donald Peterson

18        6.    Nick Saclley

19        7.    Keith McDonnell

        8.    David Dacus

20        9.    Eric Golangco

21        10.   Michael Hochstoeger

22        11.   Darlene Carpenter

        12.   Judith Johnson

23        13.   Lynn Bell

24        14.   Thomas Sheaff

        15.   Lawrence Florin

25        16.   David Gannon

26        17.   Rob Hertzfeld

27            • Mariposa Management, 55 Florida St. Suite 410, San Francisco, CA 94110

        18.   Curtis Eisenberger

28

7

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1       • Mariposa Management, 55 Florida St. Suite 410, San Francisco, CA 94110

2   19.  Kevin Hanson
        • LNR-Lennar Brannan Street, LLC, 49 Stevenson St, Suite 600, San Francisco,
3         CA 94105
        • must be contacted through the undersigned counsel
4
    20.  Greg McWilliams
5         • NorCal

6   21.  Various subcontractors may have additional knowledge of MBH's errors and
         omissions and the resulting delays and increased costs of construction, including,
7        without limitation, the following individuals:

8       • Don Van Eegen
          i.  Marelich Mechanical Co., Inc., 24041 Amador St. Hayward, CA
9              64544

10      • Keith Attenbury
          i.  Marelich Mechanical Co., Inc., 24041 Amador St. Hayward, CA
11             64544

12      • Andrew Osterowski
          i.  Marelich Mechanical Co., Inc., 24041 Amador St. Hayward, CA
13             64544

14      • Brian O'Leary
          i.  Marelich Mechanical Co., Inc., 24041 Amador St. Hayward, CA
15             64544

16      • Kevin Romak
          i.  Romak Iron Works, 380 Industrial Court Benicia, CA 94510
17
        • Bob Cook
18        i.  Dynalectric Company, 414 Brannan St. San Francisco, CA 94107

19      • Eileen Hrycay
          i.  Dynalectric Company, 414 Brannan St. San Francisco, CA 94107
20
        • Dennis Smith
21        i.  U.S. Glass & Aluminum, Inc., 190 E. Third St. Pittsburg, CA 94565

22      • Steve Case
          i.  U.S. Glass & Aluminum, Inc., 190 E. Third St. Pittsburg, CA 94565
23
        • Tim Blue
24        i.  Blue's Roofing, 1181 Campbell Ave, San Jose, CA 95126

25      • KZ Tile Co., 1551 Tennessee Street, San Francisco, CA 94107

        • A Touch of Class Painting, Inc./Jerry Thompson Painting, a Joint Venture,
26        870 Market Street, Suite 657, San Francisco, CA 94102

27  The contact information for the above individuals listed in Nos. 1-16 and 19 – 20 is as set

28                                        8

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1   forth in Plaintiff's Rule 26 disclosure statement previously filed with the Court. The above

2   individuals must be contacted through the undersigned counsel.

3   **SPECIAL INTERROGATORY NO. 3:**

4       Based on the assignment of contractual rights set forth in paragraph 8 of the Complaint,

5   will Bovis or LNR-Lennar Brannan Street, LLC be responsible for any potential award of a

6   reasonable sum for attorneys' fees, expert witness and consulting fees, court costs, and all other

7   costs to MBH in the event that MBH is declared the prevailing party in this action?

8   **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

9       Bovis objects to this interrogatory as being compound. Bovis objects to this interrogatory

10  as it calls for a legal conclusion. Subject to and without waiving these objections or the General

11  and Specific Objections, Bovis states that pursuant to section 8.2 of the Settlement Agreement

12  executed by Lennar and Bovis previously provided to counsel for MBH, Lennar assigned to

13  Bovis only its rights and remedies against MBH and each of MBH's subconsultants. Lennar's

14  obligations to MBH under the Agreement were not assigned to Bovis.

15  **SPECIAL INTERROGATORY NO. 4:**

16      Please state all facts that support your contention that MBH "breached the terms and

17  conditions of its contract with Lennar thereby causing Lennar to sustain damages in excess of $5

18  million" as alleged in paragraph 12 of the Complaint.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

20      Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

21  Bovis objects to this interrogatory to the extent it seeks information protected by the attorney-

22  client privilege and/or work product privilege. Bovis further objects to this interrogatory as it

23  calls for a legal conclusion. Subject to and without waiving these objections or the General and

24  Specific Objections, Bovis states that MBH breached the Agreement with Lennar because it

25  issued incomplete, inaccurate and defective plans and specifications for the Project, including,

26  but not limited to, MBH's failure to adequately coordinate its plans with plans prepared by

27  MBH's subconsultants. As a result, MBH's plans were subject to substantial revisions after

28

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

9

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1  construction of the Project was underway, including, without limitation, in excess of fifty

2  Bulletins.  These revisions resulted in increased construction costs, project delays, costs and

3  remedial repair costs paid for by Lennar.   MBH's issuance of defective plans and specifications

4  also has resulted in various claims brought by individual unit owners and the HOA against

5  Lennar.  Bovis further states that MBH failed to design plans and specifications to meet Lennar's

6  project guidelines set forth in the Professional Services Agreement, including Exhibit 'B' and

7  applicable building codes.  MBH further breached the terms and conditions of the contract with

8  Lennar by designating improper and inadequate building materials, including, but not limited to

9  counter tops, gates, windows, doors, appliances, fireplaces and other building materials used at

10  the project.

11      Pursuant to the Agreement, MBH was obligated to respond to issued Requests for

12  Information ("RFI") within a reasonable time, but in no event longer than two weeks.  MBH

13  repeatedly failed to timely respond to RFIs and, consequently, construction delays resulted on

14  the Project.  In addition, MBH's responses to RFIs of various Project participants often were

15  incomplete and/or non-responsive.

16      The total amount of additional costs incurred by Lennar due to MBH's errors and

17  omissions presently is believed to exceed $5 million.

18      Damages being sought by Plaintiff are subject to further review by Plaintiff and its

19  experts.  Plaintiff reserves the right to supplement and modify this response as additional

20  information is made available.

21  **SPECIAL INTERROGATORY NO. 5:**

22      Please state the name, employer, address, and phone number of each person(s) who has

23  knowledge of the facts set forth in your response to Interrogatory No. 4.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

25      Subject to and without waiving the General and Specific Objections, Bovis incorporates

26  its answer to Interrogatory No. 2 as if set forth fully herein.

27

28

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1  **SPECIAL INTERROGATORY NO. 6:**

2      Please state all facts that support your contention that MBH "breached the standard of

3  care of architects and/or other design engineers performing contractual design and construction

4  administration services in the San Francisco Bay Area who contracted to provide the design and

5  construction services of the type supplied by MBH" as alleged in paragraph 16 of the Complaint.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

7      Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

8  Bovis objects to this interrogatory to the extent it seeks material protected by the attorney-client

9  privilege and/or work product privilege. Bovis further objects to this interrogatory as it calls for

10  a legal conclusion. Subject to and without waiving these objections or the General and Specific

11  Objections, Bovis incorporates its answers to Interrogatories Nos. 1 and 4 as if set forth fully

12  herein.

13  **SPECIAL INTERROGATORY NO. 7:**

14      Please state the name, employer, address and phone number of each person(s) who has

15  knowledge of the facts set forth in your response to Interrogatory No. 6.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

17      Subject to and without waiving the General and Specific Objections, Bovis incorporates

18  its answer to Interrogatory No. 2 as if set forth fully herein.

19  **SPECIAL INTERROGATORY NO. 8:**

20      Please state all facts that support your contention that "each of [MBH's] designs were

21  negligent, defective and below the standard of care in that the plans, specifications, and design

22  and construction administration services were defective" as alleged in paragraph 17 of the

23  Complaint.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

25      Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

26  Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

27  attorney-client privilege and/or work product privilege. Bovis further objects to this

28

11

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1  interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections

2  or the General and Specific Objections, Bovis incorporates its answers to Interrogatories Nos. 1

3  and 4 as if set forth fully herein.

4  **SPECIAL INTERROGATORY NO. 9:**

5  Please state the name, employer, address and phone number of each person(s) who has

6  knowledge of the facts set forth in your response to Interrogatory No. 8.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

8  Subject to and without waiving the General and Specific Objections, Bovis incorporates

9  its answer to Interrogatory No. 2 as if set forth fully herein.

10  **SPECIAL INTERROGATORY NO. 10:**

11  Please state all facts that support your contention that MBH "breached [its] duty of care

12  to Plaintiff and failed to exercise reasonable care in that [it] performed substandard design,

13  inspection, supervision and planning for the Project" as alleged in paragraph 19 of the

14  Complaint.

15  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

16  Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

17  Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

18  attorney-client privilege and/or work product privilege. Bovis further objects to this

19  interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections

20  or the General and Specific Objections, Bovis incorporates its answers to Interrogatories Nos. 1

21  and 4 as if set forth fully herein.

22  **SPECIAL INTERROGATORY NO. 11:**

23  Please state the name, employer, address and phone number of each person(s) who has

24  knowledge of the facts set forth in your response to Interrogatory No. 10.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

26  Subject to and without waiving the General and Specific Objections, Bovis incorporates

27  its answer to Interrogatory No. 2 as if set forth fully herein.

28

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 12:**

Please state all facts that support your contention that "LENNAR ...has been forced to defend claims and/or allegations arising out of MBH's work at the Project, and has and continues to incur costs and fees in defense of those actions" as alleged in paragraph 24 of the Complaint.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome. Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the attorney-client privilege and/or work product privilege. Bovis further objects to this interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections or the General and Specific Objections, Bovis states that on May 5, 2007, Lennar was served with a Complaint titled, *Michael Cullen v. LNR-Lennar Brannan Street, LLC, et al.* The class action was brought by Cullen, the named plaintiff, on behalf of the 200 Brannan Owners Association. The complaint alleges, among other things, construction defects, many of which are believed to involve the errors and omissions of MBH and its consultants. Lennar has incurred legal expenses and costs, and experts' fees, to respond to the Cullen Complaint.

In addition, on June 15, 2007, the 200 Brannan Owners Association (the "HOA") issued an SB800 Notice of Commencement of Legal Proceedings (the "Notice") against Lennar. Many of the claims asserted by the HOA involve errors and omissions of MBH and its consultants. Lennar has incurred legal expenses and costs, and experts' fees, to respond to the HOA's claims and individual unit owners' claims which are recoverable from MBH.

**SPECIAL INTERROGATORY NO. 13:**

Please state the name, employer, address and phone number of each person(s) who has knowledge of the facts set forth in your response to Interrogatory No. 12.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

1.    Michael Hochstoeger

2.    Thomas Sheaff

3.    David Dacus

13

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1      The contact information for the above individuals listed in Nos. 1-3 is as set forth in

2 Plaintiff's Rule 26 disclosure statement previously filed with the Court. The above individuals

3 must be contacted through the undersigned counsel.

4 **SPECIAL INTERROGATORY NO. 14:**

5      Please state all facts that support your contention that "BOVIS has been forced to defend

6 claims and/or allegations arising out of MBH's work at the Project, and has and continues to

7 incur costs and fees in defense of those actions" as alleged in paragraph 24 of the Complaint.

8 **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

9      Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome

10 and not reasonably calculated to lead to the discovery of admissible evidence. Additionally,

11 Bovis objects to this interrogatory to the extent it seeks material protected by the attorney-client

12 privilege and/or work product privilege. Subject to and without waiving these objections or the

13 General and Specific Objections, Bovis states that Lennar has tendered claims to Bovis related to

14 the Cullen and HOA matters for legal fees and costs related to defending these claims which

15 involve, in part, errors and omissions of MBH and MBH's consultants. Bovis is not seeking in

16 this action to recover damages from MBH for any damages Bovis itself has incurred including

17 the legal fees and costs Bovis has incurred in defending claims tendered by Lennar to Bovis.

18 **SPECIAL INTERROGATORY NO. 15:**

19      Please state the name, employer, address, and phone number of each person(s) who has

20 knowledge of the facts set forth in your response to Interrogatory No. 14.

21 **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

22      Subject to and without waiving the General and Specific Objections, Bovis states that the

23 following individuals may have knowledge:

24     1.   Bruce Berardi

25        • Bovis Lend Lease, Inc., 71 Stevenson Street, Suite 800, San Francisco, California 94105

26        • Must be contacted c/o undersigned counsel

27     2.   Steve Kemnitzer

28        • Bovis Lend Lease, Inc., 71 Stevenson Street, Suite 800, San Francisco,

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

14

California 94105
- Must be contacted c/o undersigned counsel

3.    Wanda Valencia
- Bovis Lend Lease, Inc., 71 Stevenson Street, Suite 800, San Francisco, California 94105
- Must be contacted c/o undersigned counsel

4.    John Chiaverini
- Bovis Lend Lease, Inc., 71 Stevenson Street, Suite 800, San Francisco, California 94105
- Must be contacted c/o undersigned counsel

**SPECIAL INTERROGATORY NO. 16:**

Please state all facts that support your contention that "work carried out by [MBH] at the Project was negligently designed, inspected, supervised and planned" as alleged in paragraph 28 of the Complaint.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome. Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the attorney-client privilege and/or work product privilege. Bovis further objects to this interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections or the General and Specific Objections, Bovis incorporates its answers to Interrogatories Nos. 1 and 4 as if set forth fully herein.

**SPECIAL INTERROGATORY NO. 17:**

Please state the name, employer, address and phone number of each person(s) who has knowledge of the facts set forth in your response to Interrogatory No. 16.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Subject to and without waiving the General and Specific Objections, Bovis incorporates its answer to Interrogatory No. 2 as if set forth fully herein.

**SPECIAL INTERROGATORY NO. 18:**

Please state all facts that support your contention that "Plaintiff was without active fault, culpability or negligence" as alleged in paragraph 30 of the Complaint.

15

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

2    Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

3    Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

4    attorney-client privilege and/or the work produce privilege.  Bovis further objects to this

5    interrogatory as it calls for a legal conclusion.  Subject to and without waiving these objections

6    or the General and Specific Objections, Bovis states that the matters complained of in this

7    lawsuit are attributable solely to MBH and its consultants, not to Bovis.

8    **SPECIAL INTERROGATORY NO. 19:**

9    Please state the name, employer, address and phone number of each person(s) who has

10   knowledge of the facts set forth in your response to Interrogatory No. 18.

11   **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

12   Subject to and without waiving the General and Specific Objections, Bovis states that the

13   following individuals may have knowledge of specific errors and omissions of MBH on the

14   Project, actions taken to correct such errors and omissions, and costs/damages incurred by

15   Lennar as a result of MBH's errors and omissions:

16       1.    Scott Halfwassen

17       2.    Joseph Almirantearena

         3.    Gordon Covey

18       4.    John Chiaverini

19

20   The contact information for the above individuals listed in Nos. 1-4 is as set forth in

21   Plaintiff's Rule 26 disclosure statement previously filed with the Court.  The above individuals

22   must be contacted through the undersigned counsel.

23   **SPECIAL INTERROGATORY NO. 20:**

24   Please state all facts that support your contention that "if it can be found that the Plaintiff

25   was negligent under the claims, ... the negligent conduct of the Defendants ... was active, primary

26   and affirmative, and the negligence of the Plaintiff, if any, was passive, derivative and secondary

27   only" as alleged in paragraph 32 of the Complaint.

28

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

2        Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

3  Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

4  attorney-client privilege and/or work product privilege. Bovis further objects to this

5  interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections

6  or the General and Specific Objections, Bovis incorporates its answers to Interrogatories Nos. 18,

7  1 and 4.

8  **SPECIAL INTERROGATORY NO. 21:**

9        Please state the name, employer, address and phone number of each person(s)who has

10  knowledge of the facts set forth in your response to Interrogatory No. 20.

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

12        Subject to and without waiving the General and Specific Objections, Bovis incorporates

13  its answers to Interrogatories Nos. 19 and 2.

14  **SPECIAL INTERROGATORY NO. 22:**

15        Please state all facts that support your contention that MBH "breached their standard of

16  care to Plaintiff and failed to exercise reasonable care in that they performed substandard work

17  regarding the design and construction administrative services for the Project according to design

18  specifications, applicable building codes and industry standards" as alleged in paragraph 36 of

19  the Complaint.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

21        Bovis objects to this interrogatory as being vague, overly broad and unduly burdensome.

22  Additionally, Bovis objects to this interrogatory to the extent it seeks material protected by the

23  attorney-client privilege and/or work product privilege. Bovis further objects to this

24  interrogatory as it calls for a legal conclusion. Subject to and without waiving these objections

25  or the General and Specific Objections, Bovis incorporates its answers to Interrogatories Nos. 1

26  and 4 as if set forth fully herein.

27

28

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

1  **SPECIAL INTERROGATORY NO. 23:**

2      Please state the name, employer, address and phone number of each person(s) who has

3  knowledge of the facts set forth in your response to Interrogatory No. 22.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

5      Subject to and without waiving the General and Specific Objections, Bovis incorporates

6  its answer to Interrogatory No. 2 as if set forth fully herein.

7

8  DATED:  March *13*, 2008                    GORDON & REES, LLP

9                                              By _____

10                                              S. Mitchell Kaplan
                                                Attorneys for Plaintiff
11                                              BOVIS LEND LEASE, INC. as assignee of
                                                LNR-LENNAR BRANNAN STREET, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

BOVIS LEND LEASE INC.'S ANSWERS TO MBH ARCHITECT'S
FIRST SET OF SPECIAL INTERROGATORIES

## VERIFICATION

I, Bruce Berardi, Principal in Charge of Bovis Lend Lease, Inc.'s office located in San Francisco, CA, being first duly sworn, state that the Answers to Defendant MBH Architect's First Set of Special Interrogatories were prepared with the assistance and advice of counsel upon whose advice I have relied; that the responses set forth therein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparation of these responses; that consequently Bovis Lend Lease, Inc. reserves the right to supplement and to make changes to its responses, without admitting any duty to do so, if it appears at any time that omissions or errors have been made therein or that more complete or accurate information is available; that subject to the limitations set forth herein the responses are true to the best of my knowledge, information and belief.

Bruce Berardi

Subscribed and Sworn to
before me this ___ day of
March, 2008.

_____
Notary Public

See attached

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____    _____
Signature of Document Signer No. 1            Signature of Document Signer No. 2 (if any)

State of California

County of _San Francisco_

Subscribed and sworn to (or affirmed) before me on this

_13ᵗʰ_ day of _March_ , 20_08_, by
   Date            Month         Year

(1)_Bruce Berardi_ ,
            Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and

(2)_____ ,
            Name of Signer

~~proved to me on the basis of satisfactory evidence~~
~~to be the person who appeared before me.)~~

Signature _Jia Rong X_____
                 Signature of Notary Public

**JIA-RONG XIA**
Commission # 1728389
Notary Public - California
San Francisco County
My Comm. Expires Mar 26, 2011

Place Notary Seal Above

────────── **OPTIONAL** ──────────

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document:_____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

1

<u>PROOF OF SERVICE</u>

2      I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is: Gordon & Rees LLP 275 Battery Street, Suite

3  2000, San Francisco, CA  94111.  On March 13, 2008, I served the within documents:

4      **BOVIS LEND LEASE, INC.'S ANSWERS TO MBH ARCHITECT'S FIRST SET OF SPECIAL
INTERROGATORIES**

5

6  ☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

7  ☐  by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

8
☒  by placing the document(s) listed above in a sealed envelope with postage thereon
9  fully prepaid, in United States mail in the State of California at San Francisco,
addressed as set forth below.

10

11  Jennifer A. Becker, Esq.
Long & Levit
12  465 California Street, 5th Floor
San Francisco, Ca 94014
13  (415) 397-2222
(415) 397-6392 (FAX)

14      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
15  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
16  meter date is more than one day after the date of deposit for mailing in affidavit.

17      I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

18
Executed on March 13, 2008, at San Francisco, California.
19

20  _Roseann A. Kincade_

21                    Roseann A. Kincade

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111