IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOVIS LEND LEASE, INC., as assignee of LNR-LENNAR BRANNAN STREET, LLC<br><br>    Plaintiff,<br><br>  v.<br><br>MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH, and DOES 1 through 150, inclusive<br><br>    Defendant.<br>_____/ | No. C 07-05262 JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT AGAINST LNR-LENNAR BRANNAN STREET, LLC** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion for leave to file a third party complaint filed by Defendant MBH Architects, Inc. ("MBH"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court concludes that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for April 18, 2008 and GRANTS MBH's motion.

**BACKGROUND**

**A.    Procedural History.**

On June 12, 2007, Plaintiff Bovis Lend Lease, Inc. ("Bovis"), a Florida corporation, filed its complaint against MBH in the Superior Court of the State of California for the City and County of San Francisco ("the Superior Court"). On October 16, 2007, MBH, a California corporation, filed a notice of removal and removed the action to this Court, alleging diversity jurisdiction. On October 29, 2007, Bovis filed a demand for a jury trial. (Docket No. 4.)

On January 18, 2008, the parties filed a joint case management conference statement, and on January 25, 2008, the Court held the initial case management conference. (Docket Nos. 10, 11.)[1]

On February 27, 2008, MBH moved to file a Third Party Complaint against Lennar. In its proposed complaint, MBH asserts a claim for contractual indemnity, based on paragraph 6.07 of the Agreement, and a claim for declaratory relief, based on paragraph 7.03 of the Agreement. (*See* Docket No. 17.) On March 14, 2008, Bovis filed its opposition to the motion. As an alternative argument, Bovis asserted that the matter should be remanded to the Superior Court based on MBH's status as a forum resident.[2] On March 26, 2008, MBH filed its reply.[3]

**B.    Factual Background.**

Bovis was the general contractor for construction of a condominium complex located at 200 Brannan Street and One Federal Street in San Francisco, California ("the Project"), which was completed in 2005. (Compl., ¶ 3, 4.) LNR-Lennar Brannan Street, LLC ("Lennar"), was the developer of the Project. (*Id.*, ¶ 3.) On or about January 24, 2000, Lennar and MBH entered into a Professional Services Agreement ("the Agreement"), which generally pertains to the design of the Project. (*Id.*, ¶ 10, Ex. A.)

The Agreement contains the following provision:

---

[1] Based on representations in the Joint Case Management Conference Statement, it appears there are at least two pending state court proceedings relating to the Project.

[2] Bovis contends that, as a forum resident defendant, MBH's removal to this Court was improper. The Ninth Circuit has held that a violation of the forum defendant rule is a procedural defect, which must be raised within 30 days of removal pursuant to 28 U.S.C. § 1447©. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).Until it filed the reply to MBH's motion, Bovis did not seek to remand the case and offers no reason to excuse its failure to raise the issue within the 30 days required under section 1447©. Indeed, rather than moving to remand, Bovis filed a demand for jury trial and proceeded with initial disclosures and the case management conference. Accordingly, the Court concludes that Bovis waived its right to object to this procedural defect and DENIES Bovis' alternative motion to remand the case to the Superior Court. *See Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995).

[3] The Court grants MBH's request to accept the belatedly filed brief. Because, in the future, the Court may set briefing schedules that vary from those provided in the Local Rules, all parties are admonished to be mindful of deadlines set by the Court.

2

> 6.07 <u>Indemnity.</u>  Professional [MBH] shall indemnify, defend, and hold harmless Owner [Lennar], all subsidiary or affiliated companies of Owner and all of such parties' representatives, partners, stockholders, officers, directors, and employees and their respective heirs, executors, administrators, successors, and assigns (collectively, the "Owner Parties"), all other persons or entities designated as additional insureds in Section 6.06 above, and Owner's lender(s) (the Owner Parties, the other parties listed as additional insureds in Section 6.06 above and the Owner's lender(s) shall be collectively referred to as the "Indemnified Parties"), from and against claims, losses, costs, liabilities and demands to the extent covered by Professional's Commercial General Liability Policy and arising out of or resulting from injury to, or death of, any persons whatsoever or damage to property of any kind by the activities at or upon the Project by Professional, its agents, employees, subconsultants or any other person directly or indirectly employed by them.  In addition, Professional shall indemnify and hold harmless (but shall not be obligated to defend) Owner and all other Indemnified Parties from and against losses, costs and liabilities of any nature whatsoever including losses, costs and liabilities arising out of damage to property of Owner, injury to, or death of, any persons whatsoever or damage to property of any kind) [*sic*] to the extent caused by the negligent acts, errors or omissions of Professional, its agents, employees, subconsultants or any other person directly or indirectly employed by them in the performance of the professional services pursuant to this Agreement.
>
> Notwithstanding the foregoing, Professional shall not be obligated to indemnify Owner for any claims, costs, losses, damages or liabilities which arise out of the negligent errors, acts or omissions of Owner or any contractor or subcontractor employed or retained directly by Owner and Owner shall indemnify and hold harmless Professional from losses, costs, claims, damages, liabilities and attorneys' fees which Professional incurs as a result of any negligent errors, acts or omissions of Owner or any contractor or subcontractor employed or retained directly by Owner.  The indemnities of both Owner and Professional set forth in this section shall apply during the term of this Agreement (or Professional's performance thereof, and shall survive the expiration or termination of this Agreement until such time as action against any indemnified Party on account of any matter covered by such indemnity is barred by the applicable statute of limitations.

(Compl, Ex. A, ¶ 6.07.)  The Agreement also contains an attorneys' fees provision.  (*Id.*, Ex. A, ¶ 7.03.)

Apparently, all did not go well with construction on the Project, which led to disputes between Bovis and Lennar.  (*See* Compl., ¶ 8.)  Bovis and Lennar settled those disputes and, as part of their agreement, Lennar "assigned to Bovis all of Lennar's rights and remedies against MBH and each of MBH's subconsultants up through the end of this litigation." (*Id.*)  In its Complaint, Bovis alleges that MBH breached the Agreement in a variety of ways.  (*Id.*, ¶ 12.)  In addition to its breach of contract claim, Bovis asserts claims for relief for Professional Negligence and Contractual Indemnity.  (*Id.*, ¶¶ 15-25.)

3

## ANALYSIS

MBH seeks to implead Lennar under Federal Rule of Civil Procedure 14. Rule 14 provides, in pertinent part, that:

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. P. 14(a).

"The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the original claim." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). In light of Rule 14's purpose, "it is construed liberally in favor of allowing impleader." *FDIC v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991). Ultimately, the decision whether to grant such a motion is within the Court's discretion. *Southwest Administrators*, 791 F.2d at 777. In exercising this discretion, a court may consider the prejudice to the original plaintiff, whether impleader will complicate the issues at trial, the likelihood of trial delay, and the timeliness of the motion. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citing *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n. 6 (3rd Cir. 1971)).

Bovis does not suggest that MBH unduly delayed in filing the motion or that adding Lennar as a third-party defendant would delay the deadlines that have been set by the Court. Bovis does contend that it will be prejudiced because it has already settled the matter with Lennar. However, at this stage, there is no suggestion that Lennar would reassert claims against Bovis. Thus, the Court concludes that these factors weigh in favor of allowing MBH to implead Lennar.

Bovis also opposes MBH's motion on the ground that it tailored its complaint "specifically to address only the design-related deficiencies with the Project which were the sole responsibility of MBH and its subconsultants," and that any claims by MBH against Lennar would be purely independent of the claims asserted by Bovis. (Opp. Br. at 5:9-13.) "For

4

1  impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent
2  upon the outcome of the main claim." *Irwin*, 94 F. Supp. 2d at 1056 (citing *Stewart v.*
3  *American Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988)).  MBH counters that some
4  of Bovis' damages were, in fact, caused by Lennar and its contractors.  (Reply Br. at 3:23-25.)
5  MBH argues that if it had been sued by Lennar for the claims raised by Bovis, it could have
6  filed a cross-claim against Lennar based on its right of indemnification under the contract.  (*Id.*
7  at 4:3-4.)

8        Notwithstanding Bovis' contention that it raises design-related claims only, for which
9  Lennar could not be responsible, at this stage of the proceedings, and on this record, the Court
10 cannot conclude that MBH's claims against Lennar are entirely independent of Bovis' claims
11 against MBH.  Nor can the Court conclude that adding Lennar would complicate this issues for
12 trial.  Accordingly, the Court GRANTS MBH's motion to file its third-party complaint.

13 **CONCLUSION**

14       For the foregoing reasons, MBH's motion to file a third-party complaint is GRANTED.
15 MBH shall file and serve its third party complaint by no later than April 11, 2008.  If MBH
16 requires additional time to serve Lennar, it shall file a motion for administrative relief with the
17 Court.

18 **IT IS SO ORDERED.**

20 Dated: March 31, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5