S. MITCHELL KAPLAN (SBN 095065)
MARK E. MEREDITH (SBN 156389)
BRYCE CARROLL (SBN 208593)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
BOVIS LEND LEASE, INC. as assignee of
LNR-LENNAR BRANNAN STREET, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH and DOES 1 through 150,<br><br>　　　　　　Defendants.<br>_____<br>MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH<br><br>　　　　　　Third Party Plaintiff,<br>vs.<br><br>LNR-LENNAR BRANNAN STREET, LLC, and ROES 1 through 150,<br><br>　　　　　　Third Party Defendants. | CASE NO. C 07 5262 JSW<br><br>**LNR-LENNAR BRANNAN STREET, LLC'S ANSWER TO THIRD PARTY COMPLAINT** |

　　　　Now comes LNR-LENNAR BRANNAN STREET, LLC (hereinafter "LENNAR") for their answer to MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH'S

1
**ANSWER TO THIRD PARTY COMPLAINT**

(hereinafter "MBH") Third Party Complaint as follows:

## GENERAL ALLEGATIONS

1. In answer to paragraph 1 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

2. In answer to paragraph 2 of the Third Party Complaint, LENNAR admits allegations therein.

3. In answer to paragraph 3 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

4. In answer to paragraph 4 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

5. In answer to paragraph 1 of Third Party Complaint, LENNAR acknowledges that plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 but otherwise is without sufficient information and belief concerning the truthfulness of the allegations and on that basis denies each and every allegation herein.

6. In answer to paragraph 6 of the Third Party Complaint, LENNAR admits that it entered into a written contract with MBH on or about January 24, 2000 to perform professional services for the real property known as 200 Brannan Street in San Francisco, CA. Except as so admitted, LENNAR denies each and every allegation contained in the said paragraph.

7. In answer to paragraph 7 of the Third Party Complaint, LENNAR admits allegations therein.

8. In answer to paragraph 8 of the Third Party Complaint, LENNAR admits allegations therein.

## FIRST CAUSE OF ACTION

9.  In answer to paragraph 9 of the Third Party Complaint, LENNAR realleges and hereby incorporates as though set forth fully herein the allegations and answers contained in paragraphs 1 through 8 inclusive.

10. In answer to paragraph 10 of the Third Party Complaint, LENNAR denies each and every allegation contained in the said paragraph.

11. In answer to paragraph 11 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

12. In answer to paragraph 12 of the Third Party Complaint, LENNAR admits that Bovis has filed a Complaint in this action seeking damages. Except as so admitted, LENNAR denies each and every allegation contained in the said paragraph.

13. In answer to paragraph 13 of the Third Party Complaint, LENNAR denies each and every allegation contained in the said paragraph

14. In answer to paragraph 11 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

## SECOND CAUSE OF ACTION

15. In answer to paragraph 15 of the Third Party Complaint, LENNAR realleges and hereby incorporates as though set forth fully herein the allegations and answers contained in paragraphs 1 through 14 inclusive.

16. In answer to paragraph 16 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

17. In answer to paragraph 16 of the Third Party Complaint, LENNAR denies that it is liable to MBH for a reasonable sum for attorneys' fees, expert witness and consulting fees, court costs, and all other costs incurred in this action or proceeding brought against MBH by

Bovis in the event that MBH is determined to be the prevailing party.

18. In answer to paragraph 18 of the Third Party Complaint, LENNAR denies each and every allegation contained in the said paragraph.

19. In answer to paragraph 19 of the Third Party Complaint, LENNAR denies each and every allegation contained in the said paragraph.

20. In answer to paragraph 20 of the Third Party Complaint, LENNAR lacks sufficient information or belief to admit or deny the allegations in this paragraph and on that basis denies them.

## PRAYER FOR RELIEF

1. In response to LENNAR's Prayer for Relief, LENNAR denies that MBH is entitled to any of the requested relief, on any of the causes of action, as against LENNAR.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, one or more of the causes of action asserted in MBH's Third Party Complaint fails to state a claim against LENNAR for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR is informed and believes and on such basis alleges that MBH knowingly and voluntarily assumed the risk, if any, of the damages alleged in the Third Party Complaint.

### THIRD AFFIRMATIVE DEFENSE

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH lacks standing and/or capacity to either bring or maintain this action, or to obtain the relief sought.

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that

MBH lacks standing to seek any injunctive or declaratory relief since MBH is unable to establish a likelihood of future irreparable harm for which there is no remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH is informed and believes and thereon alleges that MBH knew, or in the exercise of ordinary care should have known, of the risks and hazards involved in the undertaking in which MBH engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH was careless and negligent in and about the matters referred to in its Third Party Complaint, and such carelessness and negligence on the part of the MBH proximately caused and contributed to the damages complained of, if any there were.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges if there is any negligence or liability on the part of any party named herein or otherwise, it is the sole and exclusive negligence and liability of other parties and not of LENNAR.

### EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH was solely and totally negligent in and about the matters referred to in the Third Party Complaint and that such negligence and carelessness on the part of the MBH proximately amounted to one hundred percent (100%) of the negligence involved in this case and was the sole cause of the injuries and damages complained of, if any there were; LENNAR further alleges that any negligence and carelessness not attributable to said MBH was a result of negligent and careless conduct on the part of persons and/or entities other than this answering LENNAR.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that the Third Party Complaint and the causes of action therein are barred by the statutes of limitation, including but not limited to those set forth in sections 337, 337.1, 337.15, 338, 339, 340 and 343 of the California Code of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH failed to mitigate damages it contends it suffered, and therefore MBH is barred from recovering the damages asserted in the Third Party Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that MBH has waived and are estopped and barred from alleging the matters set forth in the Third Party Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that it owed no duty to MBH.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that it duly performed, satisfied and discharged all duties and obligations it may have owed arising out of any and all agreements, representations or contracts made by it or on behalf of LENNAR, and this action is therefore barred by the provisions of California Civil Code sections 1473 and 1474.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that the damages complained of herein, if any, were not caused by the acts or omissions of LENNAR such that MBH is not entitled to indemnity from LENNAR.

**FIFTEENTH AFFIRMATIVE DEFENSE**

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that it did not breach any duty owed to MBH.

**SIXTEENTH AFFIRMATIVE DEFENSE**

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, LENNAR alleges that it did not breach any duty owed to MBH.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE LENNAR alleges that MBH is not entitled to relief in equity because cross-complainant acted and reacted to the matters alleged in the Third Party Complaint with unclean hands.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

AS EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, **LENNAR** alleges that the Third Party Complaint, and each cause of action therein, fails to state a cause of action for recovery of attorneys' fees.

**NINETEENTH AFFIRMATIVE DEFENSE**

AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, LENNAR alleges that it has insufficient knowledge or information as to whether additional affirmative defenses are applicable. LENNAR reserves its right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**PRAYER FOR RELIEF ON THIRD PARTY COMPLAINT**

WHEREFORE, LENNAR prays for judgment in its favor and against MBH as follows:

1. That MBH's Third Party Complaint, and the whole thereof, be dismissed;
2. That MBH take nothing by reason of its Third Party Complaint;
3. That LENNAR be awarded its costs of suit incurred herein, together with attorneys' fees if recoverable; and
4. For such other and further relief as the Court may deem just and proper.

## REQUEST FOR JURY TRIAL

LENNAR demands a jury trial.

DATED: April 25, 2008

GORDON & REES, LLP

By _____
BRYCE D. CARROLL
Attorneys for Plaintiff
BOVIS LEND LEASE, INC. as assignee of
LNR-LENNAR BRANNAN STREET, LLC

GORDON & REES, LLP
ATTORNEYS AT LAW
EMBARCADERO CENTER WEST
275 BATTERY STREET, TWENTIETH FLOOR
SAN FRANCISCO, CA 94111

ONEB/1015789/5529229v.1