S. MITCHELL KAPLAN (SBN 095065)
MARK E. MEREDITH (SBN 156389)
BRYCE CARROLL (SBN 208593)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

STEPHEN E. RAY, ESQ. (*Pro Hac Vice*)
ELIZABETH S. EPSTEIN, ESQ. (*Pro Hac Vice*)
STEIN, RAY & HARRIS, LLP
222 West Adams Street, Suite 1800
Chicago, IL 60606
Telephone: (312) 641-3700
Facsimile: (312) 641-3701

Attorneys for Plaintiff BOVIS LEND LEASE, INC. as assignee of
LNR-LENNAR BRANNAN STREET, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH and DOES 1 through 150,<br><br>Defendants.<br><br>MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH,<br><br>Cross-Complainant.<br><br>LNR-LENNAR BRANNAN STREET, LLC, and ROES, 1 through 150, inclusive<br><br>Cross-Defendant. | CASE NO. C 07 5262<br><br>**STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALITY OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER** |

1

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. The term "DOCUMENT" means the original and each copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including but not limited to all materials that constitute "writings" or "recordings" within the meaning of Federal Rule of Civil Procedure 37. The term "DOCUMENT" includes without limitation electronic mail, information stored on computer drives, diskettes, tapes, or other computer media, and any other information stored magnetically or electronically.

2. A DOCUMENT or testimony is CONFIDENTIAL if it contains or comprises:
   a. a trade secret;
   b. sensitive, competitive, or proprietary information; or
   c. confidential or personal information relating to any individual or group of individuals <u>and</u> is designated by the producing party as "CONFIDENTIAL."

3. A party may designate DOCUMENTS or pretrial testimony as "CONFIDENTIAL" if the party making such designation reasonably believes that the information embodies sensitive, competitive, propriety, or other confidential information, the disclosure of which information may have the effect of causing harm to the privacy or competitive position of the person, firm, partnership, corporation, or to the organization or person from which the information was obtained. DOCUMENTS and testimony designated as CONFIDENTIAL are hereinafter referred to as "CONFIDENTIAL INFORMATION."

4. If a receiving party, at any time, wishes to have the "CONFIDENTIAL" designation of any DOCUMENT, testimony or other information removed or changed, that party shall first request in writing that the designating party remove its designation. Thereafter, the parties involved in the challenge to the designation shall make good faith efforts to resolve the dispute. If the dispute regarding the designation cannot be resolved amicably, then the party challenging the designation may contest the designation before the court, an appointed referee or an agreed-upon arbitrator.

5. No CONFIDENTIAL MATERIAL shall be disclosed to any person or entity except as herein provided.

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALTY
OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER

6. DOCUMENTS shall be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Each page of a multi-page document for which confidential status is asserted shall be designated as CONFIDENTIAL; the producing party may designate the entire document as CONFIDENTIAL by stamping or printing "CONFIDENTIAL – ENTIRE DOCUMENT" on the front page.

7. The inadvertent production of any privileged or otherwise protected information, as well as the inadvertent production of documents without an appropriate designation of confidentiality, shall not deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof, or the confidential nature of any such information.

    a. In the event of the inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary, or secret information without being designated CONFIDENTIAL at the time of production or disclosure, the producing party shall correct any error in designation within a reasonable time after the designating party becomes aware of the error. The inadvertent production shall not be deemed a waiver in whole or in part of a designating party's claim of confidentiality or secrecy under any applicable law, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Disclosure by the receiving party prior to correction of the designation shall not constitute a violation of this protective order.

    b. In the event of the inadvertent production of privileged or otherwise protected information, the producing party shall provide written notice to the receiving party that information which is privileged or otherwise protected from discovery has been inadvertently produced, and shall set forth facts supporting the producing party's contention that the information (1) is privileged or otherwise protected from discovery; and (2) has been inadvertently produced. Within five business days of receiving such notice, the receiving party shall return all such information, and all copies thereof, to the producing party, and shall not use such information, or any

3

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALTY
OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER

analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced information, for any purpose until further order of the Court. The party returning such material may then move the Court for an order compelling production of the material.

8. Pretrial testimony may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding. Testimony designated as CONFIDENTIAL during a deposition, as well as any exhibits so designated, shall be placed by the reporter in a separate volume(s). The parties have thirty (30) days after receipt of the transcript to review and modify or enlarge any CONFIDENTIAL designation; during such thirty (30) day period the transcript shall be treated as CONFIDENTIAL.

9. CONFIDENTIAL MATERIAL and any summaries, copies, abstracts, or other CONFIDENTIAL information derived therefrom, in whole or in part, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

10. Absent a court order, CONFIDENTIAL MATERIAL produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff of such counsel), and to the "QUALIFIED PERSONS" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (and their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporters employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

11. Prior to receiving any CONFIDENTIAL MATERIALS, each QUALIFIED PERSON identified in paragraphs 10(b), (d) and (e) above, shall be provided a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A.

12. Depositions shall be taken only in the presence of QUALIFIED PERSONS, unless

4

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALTY
OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER

otherwise agreed by all parties.

13. If CONFIDENTIAL MATERIALS, including deposition transcripts so designated, are included in any papers to be filed with the Court, such papers shall be filed pursuant to Civil L.R 79-5. This requires a separate application and order for each filing.

14. Nothing in this Order or the production of any information or documents under the terms of this Order shall be deemed to be an admission or waiver by any party.

15. Upon termination of this case and demand of counsel for the parties, any other party shall assemble and return to the producing party all documents, material, and deposition transcripts designated as CONFIDENTIAL, and all copies of same, or shall certify the destruction thereof. Notwithstanding this proviso, one copy of such materials or documents may be retained by the counsel of record for any party to the action for the sole purpose of prosecuting or defending an action for malpractice, malicious prosecution or like action; documents and materials so retained shall be destroyed or returned as herein specified when the attorney arranges for the destruction of the case file.

16. The parties agree to abide by the terms of this Protective Order until it is signed and entered by the Court.

**SO STIPULATED:**

Dated: 8/28/08

GORDON & REES, LLP

By: _____
Mark E. Meredith
Attorneys for Plaintiff BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC and Cross-Defendant LNR-LENNAR BRANNAN STREET, LLC

5

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALTY
OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER

Received Aug-11-08 09:20am    From-4153976392    To-GORDON & REES, LLP 4    Page 007

Dated: 8/21/08

STEIN, RAY & HARRIS, LLP

By *Stephen E. Ray*
Stephen E. Ray
Attorneys for Plaintiff BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC

Dated: 8/11/08

LONG & LEVIT, LLP

By: *Jennifer Sullivan for*
Jennifer A. Becker
Attorneys for Defendant MBH ARCHITECTS, INC. aka MCNULTY BRISKMAN HEATH

**BY ORDER OF THE COURT:**

FOR GOOD CAUSE APPEARING, the foregoing stipulation is adopted by Order of the Court as the means by which confidential documents, materials and things shall be treated by all parties to the action.

Dated: January 8, 2009

*Jeffrey S. White*
JUDGE OF THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

# ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Bovis Lend Lease, Inc., as assignee of LNR-Lennar Brannan Street, LLC vs. MBH Architects, Inc., aka McNulty Briskman Heath, et al.*, Case No. C 07 5262, and I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date:_____          _____
                                                Printed Name

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIALTY
OF DOCUMENTS ACQUIRED DURING DISCOVERY AND [PROPOSED] ORDER