J. MICHAEL HIGGINBOTHAM State Bar #61499
JENNIFER A. BECKER State Bar # 121319
JOHN B. SULLIVAN State Bar # 238306
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA 94104
TEL: (415) 397-2222 FAX: (415) 397-6392
mhigginbotham@longlevit.com
jabecker@longlevit.com / jsullivan@longlevit.com

Attorneys for Defendant
MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, LLC,

Plaintiff,

vs.

MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH and DOES 1 through 150, inclusive,

Defendant.

MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH,

Cross-Complainant,

Vs.

LNR-LENNAR BRANNAN STREET, LLC, and ROES 1 through 150, inclusive,

Cross-Defendant.

CASE No. C 07-05262 JSW

**REQUEST FOR JURY INSTRUCTIONS**

Action Removed: October 16, 2007

Trial Date: April 20, 2009
Judge: Hon. Jeffrey S. White

Defendants MBH ARCHITECTS, INC. respectfully request this Court to give the following numbered Judicial Council of California Civil Jury Instructions, and the additional

instructions, set forth below, and any further or additional instructions that may be subsequently requested:

Dated: March 16, 2009

LONG & LEVIT LLP

By [signature]
JENNIFER A. BECKER
JOHN B. SULLIVAN
Attorneys for Defendant
MBH ARCHITECTS, INC. aka
McNULTY BRISKMAN HEATH

DOCS\S7630-028\561460.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: INTRODUCTION TO CONTRACT DAMAGES**

If you decide that **Bovis** has proved **its** claim against **MBH** for breach of contract, you also must decide how much money will reasonably compensate **Lennar** for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put **Lennar** in as good a position as **it** would have been if **MBH** had performed as promised.

To recover damages for any harm, **Bovis** must prove:

1. That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2. That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

**Bovis** also must prove the amount of **Lennar's** damages according to the following instructions. **Bovis** does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

**Bovis** claims damages for ______________________________.

---

SOURCE: CACI 350; California Civil Code §§ 3300-3301; *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal.App.3d 442, 455 (1990).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: SPECIAL DAMAGES**

**Bovis** also claims damages for **damages incurred internally by Lennar as a result of the breach of contract.**.

To recover for this harm, **Bovis** must prove that when **Lennar and MBH** made the contract, **MBH** knew or reasonably should have known of the special circumstances leading to such harm.

---

SOURCE: CACI 351; California Civil Code §3300; *Erlich v. Menever* 21 Cal.4th 543, 560 (1999); *Wallis v. Farmers Group, Inc.* 220 Cal.App.3d 718, 737 (1990).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: MITIGATION OF DAMAGES**

If **MBH** breached the contract and the breach caused harm, **Bovis** is not entitled to recover damages for harm that **MBH** proves **Lennar or any of its subcontractors, including Bovis** could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of **Lennar or any of its subcontractors, including Bovis'** efforts in light of the circumstances facing **them** at the time, including **their** ability to make the efforts or expenditures without undue risk or hardship.

If **Lennar or any of its subcontractors, including Bovis,** made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

---

SOURCE: CACI 358; *Valle de Oro Bank v. Garbon* 26 Cal.App.4th 1686, 1691 (1994); *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal.App.3d 442, 460 (1990).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: PLAINTIFF MAY NOT RECOVER DUPLICATE CONTRACT AND TORT DAMAGES**

**Bovis** has made claims against **MBH** for breach of contract, professional negligence and negligence. If you decide that **Bovis** has proved both claims, the same damages that resulted from both claims can be awarded only once.

---

SOURCE: CACI 361; *Acadia California, Ltd. v. Herbert* 54 Cal.2d 328, 336-337 (1960); *Pugh v. See's Candies, Inc.* 203 Cal.App.3d 743, 761 fn. 3 (1988).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: PLAINTIFF'S CONTRIBUTORY NEGLIGENCE**

**MBH** claims that **Lennar's** harm was caused in whole or in part by **Lennar, or its subcontractors, including Bovis'** own negligence. To succeed on this claim, **MBH** must prove both of the following:

1. That **Lennar, or one of its subcontractors, including Bovis,** was negligent; and

2. That **Lennar, or one of its subcontractors, including Bovis'** negligence was a substantial factor in causing **Lennar's** harm.

If **MBH** proves the above, **Lennar, or one of its subcontractors, including Bovis'** damages are reduced by your determination of the percentage of **Lennar, or one of its subcontractors, including Bovis'** responsibility. I will calculate the actual reduction.

---

SOURCE: CACI 405; *Li v. Yellow Cab Co.* 13 Cal.3d 804, 810 (1975); *Itasson v. Ford Motor Co.* 19 Cal.3d 530, 548 (1977); *Scott v. Alpha Beta Co.* 104 Cal.App.3d 305, 310 (1980).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: APPORTIONMENT OF RESPONSIBILITY**

**MBH** claims that the negligence or fault of **Lennar, and one of its subcontractors, including Bovis,** was also a substantial factor in causing **Lennar's** harm. To succeed on this claim, **MBH** must prove both of the following:

1. That **Lennar, or one of its subcontractors, including Bovis** were negligent or at fault; and

2. That the negligence or fault of **Lennar, or one of its subcontractors, including Bovis,** was a substantial factor in causing **Lennar's** harm.

If you find that the negligence or fault of more than one person including **MBH and Lennar, or one of its subcontractors, including Bovis,** was a substantial factor in causing **Lennar's** harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of **Lennar's** total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

---

SOURCE: CACI 406; *American Motorcycle Ass'n v. Sup.Ct.* 20 Cal.3d 578, 590 (1978); *Li v. Yellow Cab* 13 Cal.3d 804, 829 (1975).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: CAUSATION: THIRD-PARTY CONDUCT AS SUPERSEDING CAUSE**

**MBH** claims that **it** is not responsible for **Lennar's** harm because of the later misconduct of **Lennar, or one of its subcontractors, including Bovis**. To avoid legal responsibility for the harm, **MBH** must prove all of the following:

1. That **Lennar, or one of its subcontractors, including Bovis'** conduct occurred after the conduct of **MBH**;

2. That a reasonable person would consider **that** conduct as a highly unusual or an extraordinary response to the situation;

3. That **MBH** did not know and had no reason to expect that **Lennar, or one of its subcontractors, including Bovis,** would act in a [negligent/wrongful] manner; and

4. That the kind of harm resulting from **such** conduct was different from the kind of harm that could have been reasonably expected from **MBH's** conduct.

---

SOURCE: CACI 432; *Stewart v. Cox* 55 Cal.2d 857, 864; *Brewer v. Teano* 40 Cal.App.4th 1024.



LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**STIPULATED/DISPUTED INSTRUCTION NO. __**

**RE: SUCCESS NOT REQUIRED**

**A design professional** is not necessarily negligent just because **its** efforts are unsuccessful or **it** makes an error that was reasonable under the circumstances. **A design professional** is negligent only if **it** was not as skillful, knowledgeable, or careful as other reasonable **design professional** would have been in similar circumstances.

---

SOURCE: CACI 602; *Gagne v. Bertran* 43 Cal.2d 481, 489 (1954); *Roberts v. Karr* 178 Cal.App.2d 535 (surveyor); *Bonadiman v. McCain, Inc. v. Snow* 183 Cal.App.2d 58 (engineer).

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222