1    J. MICHAEL HIGGINBOTHAM  State Bar # 61499
     JENNIFER A. BECKER  State Bar # 121319
2    JOHN B. SULLIVAN  State Bar # 238306
     LONG & LEVIT LLP
3    465 California Street, Suite 500
     San Francisco, CA  94104
4    TEL: (415) 397-2222   FAX: (415) 397-6392

5    jabecker@longlevit.com / jsullivan@longlevit.com

6    Attorneys for Defendant
     MBH ARCHITECTS, INC. aka McNULTY
7    BRISKMAN HEATH

8               UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12    BOVIS LEND LEASE, INC. as assignee     CASE No. C 07-05262 JSW
     of LNR-LENNAR BRANNAN STREET,
13    LLC,                         **[PROPOSED] SPECIAL VERDICT FORM**

14                Plaintiff,

15       vs.                            Judge:           Hon. Jeffrey S. White
                                        Trial Date:      April 20, 2009
16    MBH ARCHITECTS, INC. aka
     McNULTY BRISKMAN HEATH and
17    DOES 1 through 150, inclusive,

18              Defendant.

19    MBH ARCHITECTS, INC. aka
     McNULTY BRISKMAN HEATH,
20

21             Cross-
               Complainant,
22       vs.

23    LNR-LENNAR BRANNAN STREET,
     LLC, and ROES, 1 through 150,
24    inclusive,
            Cross-
25               Defendant.

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

**BREACH OF CONTRACT/PROFESSIONAL NEGLIGENCE/NEGLIGENCE**

**QUESTION NO. 1**

Did LNR-Lennar Brannan Street, LLC assign Plaintiff Bovis Lend Lease, Inc. all of its rights with respect to Defendant MBH Architects, Inc. under the contract?

____ Yes        ____ No

If the answer to question No. 1 is yes, then answer question No. 2.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**QUESTION NO. 2**

Did LNR-Lennar-Brannan Street do all, or substantially all, of the significant things that the contract required it to do?

____ Yes        ____ No

If the answer to question No. 2 is yes, then answer question No. 3.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

**QUESTION NO. 3**

Was LNR-Lennar Brannar Steet, LLC excused from having to do all, or substantially all, of the significant things that the contract required it to do?

____ Yes        ____ No

If the answer to question No. 3 is yes, then answer question No. 5.  If the answer to question No. 3 is yes, then answer question No. 4.

**QUESTION NO. 4**

Did all of the conditions occur that were required for MBH Architects, Inc.'s performance under the contract?

____ Yes        ____ No

If the answer to question No. 4 is yes, then answer question No. 5.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

///

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

**QUESTION NO. 5**

      A.     Did MBH breach its contract with Lennar or fall below the standard of care with respect to its design of the structural beams?

          ___ Yes      ___No

      B.     Did MBH breach its contract with Lennar or fall below the standard of care in implementing corrective measures on a timely basis with respect to the structural beam redesign?

          ___ Yes      ___No

      If you answer no to subpart A and subpart B, please move on to Question 6.  If you answer yes to either subpart A or subpart B, then answer subpart C.

      C.     Were any errors or omissions on the part of MBH regarding the design or implementation of corrective measures related to the structural beams a substantial factor in delaying the final completion date of the project and/or increasing construction costs?

          ___ Yes      ___No

      If you answered no, please move on to Question No. 6.  If you answered yes, go to subpart D.

      D.     Was Bovis negligent with respect to its review of information related to corrective measures related to the structural beam?

          ___ Yes      ___No

      E.     Was Bovis negligent with respect to its communication of corrective measures to its affected subcontractors with respect to the structural beam?

          ___Yes      ___No

      F.     Were any errors or omissions on the part of Bovis a substantial factor in delaying the final completion date of the project and/or increasing construction costs?

          ___ Yes      ___No

      G.     What are Lennar's total damages with respect to the as a result of the structural beam issue?

          Amount $_____

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

1

2      H.      What percentage of such fault is attributable to MBH and what percentage is

3    attributable to Bovis.

4          Answer:      To MBH      _____ %

5                        To Bovis:      _____ %

6    **QUESTION NO. 6**

7        A.      Did MBH breach its contract with Lennar or fall below the standard of care in

8    coordinating the design of the structural framing on the roof?

9              ___ Yes        ___No

10        If you answer no to subpart A please move on to to question 7.  If you answer yes to

11    subpart A, go to subpart B.

12        B.      Were any errors or omissions on the part of MBH related to the structural framing

13    on the roof a substantial factor in delaying the final completion date of the project and/or

14    increasing construction costs?

15              ___ Yes        ___No

16        If you answered no to subpart B, please move on to Question No. 7.  If you answered yes,

17    then answer subpart C.

18        C.      Did Lennar breach any obligations to MBH with respect to its contractual

19    obligation to retain its design build consultants?

20              ___ Yes        ___No

21        D.      Were any errors or omissions on the part of Lennar a substantial factor in delaying

22    the final completion date of the project and/or increasing construction costs?

23              ___ Yes        ___No

24        E.      What are Lennar's total damages with respect to the as a result of the structural

25    framing on the roof issue?

26              Amount $_____

27        F.      What percentage of such fault is attributable to MBH and what percentage is

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

attributable to Lennar.

        Answer:    To MBH    _____%

                    To Lennar    _____%

**QUESTION NO. 7**

    A.    Did MBH breach its contract or fall below the standard of care in specifying bathtubs and surrounds at One Federal Building in a manner that harmed Lennar?

    \_\_\_ Yes    \_\_\_No

If you answered no to subpart A, please move on to Question No. 8. If you answered yes to subpart A, then answer subpart B.

    B.    Were any errors or omissions on the part of MBH related to the bathtubs and surrounds at One Federal Building a substantial factor in causing Lennar harm?

    \_\_\_ Yes    \_\_\_No

If you answered no to subpart B, please move on to Question No. 8. If you answered yes to subpart B, then answer subpart C.

    C.    What are Lennar's total damages for the bathtubs and surrounds at One Federal Building?

    Amount $_____

**QUESTION NO. 8**

    A.    Did MBH breach its contract with Lennar or fall below the standard of care with respect to a door at Unit 49 of One Federal Building?

    \_\_\_ Yes    \_\_\_No

If you answered no to subpart A, please move on to Question No. 9. If you answered yes to Subpart A, then answer subpart B.

    B.    Were any errors or omissions on the part of MBH with respect to a door at Unit 49 of One Federal Building a substantial factor in causing Lennar harm?

    \_\_\_ Yes    \_\_\_No

If you answered no to subpart B, please move on to Question No. 9. If you answered yes

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1    to subpart B, then answer subpart C.

2        C.    What was Lennar's total damages for the door at Unit 49 of One Federal Building?

3            Amount $_____

4    **QUESTION NO. 9**

5        A.    Did MBH breach its contract with Lennar or fall below the standard of care with

6    respect to specification of marble countertops?

7            ___ Yes        ___No

8        If you answered no to subpart A, please move on to Question No. 10.  If you answered yes

9    to subpart A, then answer subpart B.

10        B.    Were any errors or omissions on the part of MBH with respect to specification of

11    marble countertops a substantial factor in causing Lennar harm?

12            ___ Yes        ___No

13        If you answered no to subpart B, please move on to Question No. 10.  If you answered yes

14    to subpart B, then answer subpart C.

15        C.    Did Lennar assume the risk with respect to specification of marble countertops?

16            ___ Yes        ___No

17        D.    Was Lennar's assumption of this risk a substantial factor in causing harm to

18    Lennar?

19            ___ Yes        ___No

20        E.    What was Lennar's total damages for the marble countertops?

21            Amount $_____

22        F.    What percentage of such fault is attributable to MBH and what percentage is

23    attributable to Lennar?

24            Answer:    To MBH        _____%

25                    To Lennar        _____%

26    **QUESTION NO. 10**

27        A.    Did MBH breach its contract with Lennar or fall below the standard of care with

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

respect to the specification of range hoods?

___ Yes      ___No

If you answered no to subpart A, please move on to Question No. 11.  If you answered yes to subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to specification of range hoods a substantial factor in causing Lennar harm?

___ Yes      ___No

If you answered no to subpart B, please move on to Question No. 11.  If you answered yes to subpart B, then answer subpart C.

C.      Did Bovis or any of its subcontractors fall below the standard of care with respect to any duties or obligations with respect to the specifying range hoods in a manner that harmed Lennar?

___ Yes      ___No

D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to specification of range hoods a substantial factor in causing Lennar harm?

___ Yes      ___No

E.      What are Lennar's total damages with respect to the range hoods?

Amount $_____

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:      To MBH      _____%

To Lennar      _____%

## QUESTION NO. 11

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the soffits above stair landings?

___ Yes      ___No

If you answered no to subpart A, please move on to Question No. 12.  If you answered yes

7

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

1   to Subpart A, then answer subpart B.

2        B.      Were any errors or omissions on the part of MBH with respect to the soffits above

3   stair landings a substantial factor in causing Lennar harm?

4            ___ Yes        ___No

5        If you answered no to subpart B, please move on to Question No. 12.  If you answered yes

6   to subpart B, then answer subpart C.

7        C.      What was Lennar's total damages for the with respect to the soffits above stair

8   landings?

9            Amount $_____

10  **QUESTION NO. 12**

11       A.      Did MBH breach its contract with Lennar or fall below the standard of care with

12  respect to acoustical issues in its design of the retail canopy?

13           ___ Yes        ___No

14       If you answered no to subpart A, please move on to Question No. 13.  If you answered yes

15  to Subpart A, then answer subpart B.

16       B.      Were any errors or omissions on the part of MBH with respect to acoustical issues

17  in its design of the retail canopy a substantial factor in causing Lennar harm?

18           ___ Yes        ___No

19       If you answered no to subpart B, please move on to Question No. 13.  If you answered yes

20  to subpart B, then answer subpart C.

21       C.      Did Bovis or any of its subcontractors fall below the standard of care with respect

22  to acoustical issues in construction of the retail canopy?

23           ___ Yes        ___No

24       D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with

25  respect to acoustical issues in construction of the retail canopy a substantial factor in causing

26  Lennar harm?

27           ___ Yes        ___No

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

     E.     What are Lennar's total damages with respect to the as a result of the acoustical issues in construction of the retail canopy?

          Amount $_____

     F.     What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

          Answer:     To MBH     _____%

                    To Bovis     _____%

**QUESTION NO. 13**

     A.     Did MBH breach its contract with Lennar or fall below the standard of care with respect to acoustical issues in the stairwell?

          \_\_\_ Yes     \_\_\_No

If you answered no to subpart A, please move on to Question No. 14.  If you answered yes to Subpart A, then answer subpart B.

     B.     Were any errors or omissions on the part of MBH with respect to acoustical issues in its design in the stairwell a substantial factor in causing Lennar harm?

          \_\_\_ Yes     \_\_\_No

If you answered no to subpart B, please move on to Question No. 14.  If you answered yes to subpart B, then answer subpart C.

     C.     Did Bovis or any of its subcontractors fall below the standard of care with respect to acoustical issues in construction of the stairwell?

          \_\_\_ Yes     \_\_\_No

     D.     Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to acoustical issues in construction of the stairwell a substantial factor in causing Lennar harm?

          \_\_\_ Yes     \_\_\_No

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

E.      What are Lennar's total damages with respect to the as a result of the acoustical issues in construction of the stairwell?

Amount $_____

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:      To MBH          _____%

To Bovis        _____%

**QUESTION NO. 14**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to design and acoustical isolation of condenser pumps?

___ Yes        ___No

If you answered no to subpart A, please move on to Question No. 15.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to design and acoustical isolation of condenser pumps a substantial factor in causing Lennar harm?

___ Yes        ___No

If you answered no to subpart B, please move on to Question No. 15.  If you answered yes to subpart B, then answer subpart C.

C.      Was Bovis or any of its subcontractors responsible for design and construction of the acoustical isolation of condenser pumps?

___ Yes        ___No

D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the acoustical isolation of the conductor pumps a substantial factor in causing harm to Lennar?

___ Yes        ___No

///

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

E.      What are Lennar's total damages with respect to the acoustical isolation of condenser pumps issues?

    Amount $_____

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors?

    Answer:  To MBH   _____%

        To Bovis   _____%

**QUESTION NO. 15**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design of bathtubs in Units 506 and 507?

   ___ Yes  ___No

If you answered no to subpart A, please move on to Question No. 16.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to the design of bathtubs in Units 506 and 507 a substantial factor in causing Lennar harm?

   ___ Yes  ___No

If you answered no to subpart B, please move on to Question No. 16.  If you answered yes to subpart B, then answer subpart C.

C.      Did Bovis or any of its subcontractors fall below the standard of care with respect to the construction of bathtubs in Units 506 and 507?

   ___ Yes  ___No

D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the construction of bathtubs in Units 506 and 507 a substantial factor in causing Lennar harm?

   ___ Yes  ___No

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

11

1

2          E.        What are Lennar's total damages with respect to the construction of bathtubs in

3    Units 506 and 507?

4                    Amount $_____

5          F.        What percentage of such fault is attributable to MBH and what percentage is

6    attributable to Bovis or any of its subcontractors.

7                    Answer:        To MBH           _____%

8                                   To Bovis         _____%

9    **QUESTION NO. 16**

10         A.        Did MBH breach its contract with Lennar or fall below the standard of care with

11   respect to the design of stairwell 1A?

12                  ___ Yes        ___No

13         If you answered no to subpart A, please move on to Question No. 17.  If you answered yes

14   to Subpart A, then answer subpart B.

15         B.        Were any errors or omissions on the part of MBH with respect to the design of

16   stairwell 1A a substantial factor in causing Lennar harm?

17                  ___ Yes        ___No

18         If you answered no to subpart B, please move on to Question No. 17.  If you answered yes

19   to subpart B, then answer subpart C.

20         C.        Did Bovis or any of its subcontractors fall below the standard of care with respect

21   the construction of stairwell 1A?

22                  ___ Yes        ___No

23         D.        Were any errors or omissions on the part of Bovis or any of its subcontractors with

24   respect to the construction of stairwell 1A a substantial factor in causing Lennar harm?

25                  ___ Yes        ___No

26         E.        What are Lennar's total damages with respect to the construction of stairwell 1A?

27                  Amount $_____

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397 2222

12

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:      To MBH      _____%

To Bovis      _____%

**QUESTION NO. 17**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design of doorstops for patio doors?

___ Yes      ___No

If you answered no to subpart A, please move on to Question No. 18.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to the design of doorstops for patio doors a substantial factor in causing Lennar harm?

___ Yes      ___No

If you answered no to subpart B, please move on to Question No. 18.  If you answered yes to subpart B, then answer subpart C.

C.      What are Lennar's total damages with respect to the patio doors?

Amount $_____

**QUESTION NO. 18**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design of the penthouse gates?

___ Yes      ___No

If you answered no to subpart A, please move on to Question No. 19.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to the design of the penthouse gates a substantial factor in causing Lennar harm?

___ Yes      ___No

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

1    If you answered no to subpart B, please move on to Question No. 19.  If you answered yes

2    to subpart B, then answer subpart C.

3        C.     Did Bovis or any of its subcontractors fall below the standard of care with respect

4    to the construction of the penthouse gates?

5            ___ Yes    ___No

6        D.     Were any errors or omissions on the part of Bovis or any of its subcontractors with

7    respect to construction of the penthouse gates a substantial factor in causing Lennar harm?

8            ___ Yes    ___No

9        E.     What are Lennar's total damages with respect construction of the penthouse gates?

10           Amount $_____

11       F.     What percentage of such fault is attributable to MBH and what percentage is

12   attributable to Bovis or any of its subcontractors.

13           Answer:    To MBH    _____%

14                       To Bovis    _____%

15   **QUESTION NO. 19**

16       A.     Did MBH breach its contract with Lennar or fall below the standard of care with

17   respect to the design of vestibules in stairways?

18           ___ Yes    ___No

19       If you answered no to subpart A, please move on to Question No. 20.  If you answered yes

20   to Subpart A, then answer subpart B.

21       B.     Were any errors or omissions on the part of MBH with respect to the design of

22   vestibules in stairways a substantial factor in causing Lennar harm?

23           ___ Yes    ___No

24       If you answered no to subpart B, please move on to Question No. 20.  If you answered yes

25   to subpart B, then answer subpart C.

26       C.     What are Lennar's total damages with respect to the vestibules in stairways?

27           Amount $_____

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

14

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

**QUESTION NO. 20**

A. Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design of the garage gates?

  ___ Yes  ___No

If you answered no to subpart A, please move on to Question No. 21.  If you answered yes to Subpart A, then answer subpart B.

B. Were any errors or omissions on the part of MBH with respect to the design of the garage gates a substantial factor in causing Lennar harm?

  ___ Yes  ___No

If you answered no to subpart B, please move on to Question No. 21.  If you answered yes to subpart B, then answer subpart C.

C. Did Bovis or any of its subcontractors fall below the standard of care with respect to with respect to the construction of the garage gates?

  ___ Yes  ___No

D. Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to construction of the garage gates a substantial factor in causing Lennar harm?

  ___ Yes  ___No

E. What are Lennar's total damages with respect to the garage gates?

  Amount $_____

F. What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

  Answer:  To MBH  _____%

      To Bovis  _____%

**QUESTION NO. 21**

A. Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of courtyard home entry doors?

15

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

1    ___ Yes          ___No

2    If you answered no to subpart A, please move on to Question No. 22.  If you answered yes

3    to Subpart A, then answer subpart B.

4          B.        Were any errors or omissions on the part of MBH with respect to the design or

5    specification of courtyard home entry doors a substantial factor in causing Lennar harm?

6          ___ Yes          ___No

7    If you answered no to subpart B, please move on to Question No. 22.  If you answered yes

8    to subpart B, then answer subpart C.

9          C.        Did Bovis or any of its subcontractors fall below the standard of care with respect

10   to the design, specification, or installation of courtyard home entry doors?

11         ___ Yes          ___No

12         D.        Were any errors or omissions on the part of Bovis or any of its subcontractors with

13   respect to the design, specification, or installation of courtyard home entry doors a substantial

14   factor in causing Lennar harm?

15         ___ Yes          ___No

16         E.        What are Lennar's total damages with respect to the courtyard home entry doors?

17         Amount $_____

18         F.        What percentage of such fault is attributable to MBH and what percentage is

19   attributable to Bovis or any of its subcontractors.

20         Answer:      To MBH         _____%

21                      To Bovis        _____%

22   **QUESTION NO. 22**

23         A.        Did MBH breach its contract with Lennar or fall below the standard of care with

24   respect to the design or specification of courtyard home awnings?

25         ___ Yes          ___No

26   If you answered no to subpart A, please move on to Question No. 23.  If you answered yes

27   to Subpart A, then answer subpart B.

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

16

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

B.      Were any errors or omissions on the part of MBH with respect to the design or specification of courtyard home awnings a substantial factor in causing Lennar harm?

___ Yes        ___No

If you answered no to subpart B, please move on to Question No. 23.  If you answered yes to subpart B, then answer subpart C.

C.      Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of courtyard home awnings?

___ Yes        ___No

D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the installation of courtyard home awnings a substantial factor in causing Lennar harm?

___ Yes        ___No

E.      What are Lennar's total damages with respect to the courtyard home awnings?

        Amount $_____

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

        Answer:       To MBH         _____%

                      To Bovis       _____%

**QUESTION NO. 23**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of courtyard #3 door's awnings?

___ Yes        ___No

If you answered no to subpart A, please move on to Question No. 24.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to the design or specification of courtyard #3 door's awnings a substantial factor in causing Lennar harm?

___ Yes        ___No

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

17

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

If you answered no to subpart B, please move on to Question No. 24.  If you answered yes to subpart B, then answer subpart C.

C.      Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of courtyard #3 door's awnings?

_____ Yes        _____ No

D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the installation of courtyard #3 door's awnings a substantial factor in causing Lennar harm?

_____ Yes        _____ No

E.      What are Lennar's total damages with respect to the courtyard #3 door's?

Amount $_____

F.      What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:        To MBH        _____%

To Bovis        _____%

**QUESTION NO. 24**

A.      Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of common area hallway baseboards?

_____ Yes        _____ No

If you answered no to subpart A, please move on to Question No. 25.  If you answered yes to Subpart A, then answer subpart B.

B.      Were any errors or omissions on the part of MBH with respect to the design or specification of common area hallway baseboards a substantial factor in causing Lennar harm?

_____ Yes        _____ No

If you answered no to subpart B, please move on to Question No. 25.  If you answered yes to subpart B, then answer subpart C.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

C.    Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of common area hallway baseboards?

      \_\_\_ Yes     \_\_\_No

D.    Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the installation of common area hallway baseboards a substantial factor in causing Lennar harm?

      \_\_\_ Yes     \_\_\_No

E.    What are Lennar's total damages with respect to the common area hallway baseboards?

      Amount $_____

F.    What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

      Answer:    To MBH    _____%

                   To Bovis    _____%

**QUESTION NO. 25**

A.    Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of the davit storage room?

      \_\_\_ Yes     \_\_\_No

If you answered no to subpart A, please move on to Question No. 26.  If you answered yes to Subpart A, then answer subpart B.

B.    Were any errors or omissions on the part of MBH with respect to the design or specification of the davit storage room a substantial factor in causing Lennar harm?

      \_\_\_ Yes     \_\_\_No

If you answered no to subpart B, please move on to Question No. 26.  If you answered yes to subpart B, then answer subpart C.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

C.    Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of the davit storage room?

_____ Yes         _____No

D.    Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the installation of the davit storage room a substantial factor in causing Lennar harm?

_____ Yes         _____No

E.    What are Lennar's total damages with respect to the davit storage room?

Amount $_____

F.    What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:     To MBH        _____%

To Bovis        _____%

**QUESTION NO. 26**

A.    Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of West Elevation Penthouse entry doors?

_____ Yes         _____No

If you answered no to subpart A, please move on to Question No. 27. If you answered yes to Subpart A, then answer subpart B.

B.    Were any errors or omissions on the part of MBH with respect to the design or specification of West Elevation Penthouse entry doors a substantial factor in causing Lennar harm?

_____ Yes         _____No

If you answered no to subpart B, please move on to Question No. 27. If you answered yes to subpart B, then answer subpart C.

C.    Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of West Elevation Penthouse entry doors?

20

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1      ___ Yes          ___No

2          D.      Were any errors or omissions on the part of Bovis or any of its subcontractors with

3      respect to the installation of West Elevation Penthouse entry doors a substantial factor in causing

4      Lennar harm?

5          ___ Yes          ___No

6          E.      What are Lennar's total damages with respect to the installation of West Elevation

7      Penthouse entry doors?

8              Amount $_____

9          F.      What percentage of such fault is attributable to MBH and what percentage is

10     attributable to Bovis or any of its subcontractors.

11         Answer:      To MBH          _____%

12                      To Bovis        _____%

13     **QUESTION NO. 27**

14         A.      Did MBH breach its contract with Lennar or fall below the standard of care with

15     respect to the design or specification of the elevator control system?

16         ___ Yes          ___No

17         If you answered no to subpart A, please move on to Question No. 28.  If you answered yes

18     to Subpart A, then answer subpart B.

19         B.      Were any errors or omissions on the part of MBH with respect to the design or

20     specification of the elevator control system a substantial factor in causing Lennar harm?

21         ___ Yes          ___No

22         If you answered no to subpart B, please move on to Question No. 28.  If you answered yes

23     to subpart B, then answer subpart C.

24         C.      Did Bovis or any of its subcontractors fall below the standard of care with respect

25     to the installation of the elevator control system?

26         ___ Yes          ___No

27     ///

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

21

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

D.    Were any errors or omissions on the part of Bovis or any of its subcontractors with respect to the installation of the elevator control system a substantial factor in causing Lennar harm?

___ Yes        ___No

E.    What are Lennar's total damages with respect to the elevator control system?

Amount $_____

F.    What percentage of such fault is attributable to MBH and what percentage is attributable to Bovis or any of its subcontractors.

Answer:     To MBH          _____ %

To Bovis          _____ %

**QUESTION NO. 28**

A.    Did MBH breach its contract with Lennar or fall below the standard of care with respect to the design or specification of the Mews gates?

___ Yes        ___No

If you answered no to subpart A, stop here, answer no further questions, and have the presiding juror sign and date this form.  If you answered yes to Subpart A, then answer subpart B.

B.    Were any errors or omissions on the part of MBH with respect to design or specification of the Mews gates a substantial factor in causing Lennar harm?

___ Yes        ___No

If you answered no to subpart B, stop here, answer no further questions, and have the presiding juror sign and date this form.  If you answered yes to subpart B, then answer subpart C.

C.    Did Bovis or any of its subcontractors fall below the standard of care with respect to the installation of West Elevation Penthouse entry doors?

___ Yes        ___No

D.    Were any errors or omissions on the part of Bovis with respect to the installation of the Mews gates a substantial factor in causing Lennar harm?

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

22

SPECIAL VERDICT FORM
NO. C 07 05262 JSW

1      ___ Yes        ___No

2      E.     What are Lennar's total damages with respect to Mews gates?

3             Amount $_____

4      F.     What percentage of such fault is attributable to MBH and what percentage is

5   attributable to Bovis.

6             Answer:      To MBH        _____%

7                          To Bovis      _____%

8

9

10   Dated: _____, 2009

11

12                                      _____

                                        Presiding Juror

13

14   DOCS\S7630-028\561331.V1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

23

SPECIAL VERDICT FORM
NO. C 07 05262 JSW