1  J. MICHAEL HIGGINBOTHAM  State Bar # 61499
   JENNIFER A. BECKER  State Bar # 121319
2  JOHN B. SULLIVAN  State Bar # 238306
   LONG & LEVIT LLP
3  465 California Street, Suite 500
   San Francisco, CA  94104
4  TEL: (415) 397-2222   FAX: (415) 397-6392

5  jabecker@longlevit.com / jsullivan@longlevit.com

6  Attorneys for Defendant
   MBH ARCHITECTS, INC. aka McNULTY
7  BRISKMAN HEATH

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  BOVIS LEND LEASE, INC. as assignee of LNR-LENNAR BRANNAN STREET, 13  LLC, | CASE No. C 07-05262 JSW |
| 14                          Plaintiff, | **MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS** |
| 15       vs. | Date:       March 30, 2009<br>Time:       2:00 p.m. |
| 16  MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH and 17  DOES 1 through 150, inclusive, | Courtroom: 11<br>Judge:      Hon. Jeffrey S. White |
| 18                          Defendant. | Trial Date:   April 20, 2009 |
| 19 | |
| 20 | |
| 21  MBH ARCHITECTS, INC. aka McNULTY BRISKMAN HEATH, | |
| 22                          Cross-Complainant, | |
| 23       vs. | |
| 24 | |
| 25  LNR-LENNAR BRANNAN STREET, LLC, and ROES, 1 through 150, inclusive, | |
| 26                          Cross-Defendant. | |
| 27 | |

28                              1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS - NO.
C 07 05262 JSW

## I.    INTRODUCTION

During the meet and confer process regarding jury instructions, MBH objected to several jury instructions proposed by Bovis. Bovis served MBH with briefs in support of its proposed jury instructions Nos. 6, 8, 9, 10, 14 and 19. Bovis did not submit briefs to any of the other jury instructions. MBH has notified Bovis that it has withdrawn its objections to jury instructions Nos. 6, 9 and 14. Because Bovis has not filed any brief supporting its proposed instructions 16-18, MBH contends that Bovis has withdrawn such instructions or waived its opportunity to offer argument in support of them.

MBH has provided Bovis with its proposed jury instructions. To date, Bovis has not informed MBH it objects to any of them. Thus, the only disputed instructions at this time are Bovis' proposed 6, 9 and 14.

## II.    BOVIS' PROPOSED INSTRUCTION NO. 6

Bovis' proposed jury instruction No. 6 modifies CACI 350, a jury instruction regarding contract damages. CACI 350 provides in relevant part that plaintiff "must also prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of the damages. You must not speculate or guess in awarding damages." Bovis requests an instruction that states

> **Bovis does** not have to prove the exact amount of damages, **nor must you calculate its damages with exact certainty if you find that Bovis has proved MBH is liable for damages. The law requires only that some reasonable basis of computation be used, and the result reached can be a reasonable approximation. However,** you must not speculate or guess in awarding damages.

As set forth in MBH's Motion in Limine No 1 and 2, as well as in its trial brief, Bovis' claimed delay damages and extended construction financing costs are speculative. However, the speculativeness of these claims does not warrant a modified instruction regarding basic contract damages for the reasons listed below.

First, the modification is not necessary. Bovis seeks this modification because of the large

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS - NO. C 07 05262 JSW

amount of damages it claims and the complexity of those claims. It claims that jurors should not be expected to calculate extended loan financing costs down to the last penny. However, the unmodified version of the rule makes it clear that the jurors do not have to make such a precise calculation. It explicitly states Bovis "does not have to prove the exact amount of the damages." Clearly, the judicial council advisory committee considered this rule when it drafted this instruction. Bovis' additional proposed language is not necessary to instruct the jury on damages.

Second, the authority cited by Bovis is distinguishable from this case. Bovis does not cite any cases in support of its proposed instruction that deal with delay damages or extended construction financing. *Acree v. General Motors Acceptance Corporation*, 92 Cal.App.4[th] 385 (2001), a class action, involved a computation of the amount by which refunds computed on a pro rata-by-time basis exceeded the refunds GMAC had actually paid members of the plaintiff class using an accelerated method of computing refunds. *Acree*, 92 Cal.App.4[th] at 398. In that case, such an instruction was necessary. The damages sought by Bovis involve one plaintiff, not an entire class. Moreover, the damages sought, delay damages, are not as complex as the refunds the jury was asked to calculate in *Acree*.

*GHK Assocs. v. Mayer Group*, 224 Cal.App.3d 856 (1990) is also distinguishable. That case dealt with damages dependent on the determination of profits yielded by a parcel of land. It did not involve any claims for delay or construction financing.

Finally, the proposed additional language risks prejudice to MBH. It implies that the jury may award Bovis damages requested only upon a showing of a reasonable computation and reasonable approximation. While this is true in cases involving complex damages that are difficult to compute, this case does not fall into this category. Damages actually incurred for delay and extended construction financing should be easy to calculate if Bovis can prove actual damage – i.e. number of days that the project was delayed. Giving this instruction will risk encouraging the jury to award Bovis damages even if Bovis cannot prove actual delay on the project.

Therefore, this Court should give the jury the unmodified version of CACI 350.

3

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS - NO. C 07 05262 JSW

## III. BOVIS' PROPOSED JURY INSTRUCTION NO. 10

Bovis' proposed jury instruction No. 10 modifies CACI 430, a jury instruction regarding causation in a negligence case. CACI 430 provides in relevant part: "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm." Bovis seeks to substitute "design professional" for "person". This Court should reject that modification.

Unlike jury instructions related to the standard of care where the jury is asked to determine how a professional would have acted, causation requires a jury to determine whether a reasonable person would consider a factor to have contributed to the harm. CACI 430. Support for the unmodified CACI jury instruction can be found in *Raven H. v. Gamette*, 157 Cal.App.4th 1017 (2007). In that case, the California Court of Appeal stated:

> [C]ausation in fact is ultimately a matter of probability and common sense: [A plaintiff] is not required to eliminate entirely all possibility that the defendant's conduct was not a cause. It is enough that he introduces evidence from which reasonable [persons] may conclude that it is more probable that the event was caused by the defendant than that it was not. *Raven H,* 157 Cal.App.4th at 1029, citing, *Osborn v. Irwin Memorial Blood Bank,* 5 Cal.App.4th 234, 252 (1992).

Despite the Court's instructions in its Guidelines for Trial and Pretrial Conference in a Civil Jury Case, Bovis does not cite any authority for its proposition that the jury is to determine causation from a design professional's point of view. Moreover, to ask the jury to determine whether a design profession would conclude that harm is more probable would confuse the jury. Finally, Bovis has not disclosed an expert to testify about determining causation from a design professional's point of view. To ask a jury to determine causation from the standpoint of a design professional would require such testimony.

While MBH agrees that the jury must determine whether MBH met the applicable standard of care based on how a reasonable design professional would have acted, it is not required to, and likely cannot determine whether a reasonable design professional would consider

4

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS - NO.
C 07 05262 JSW

certain factors to have contributed to the alleged harm. Therefore, this Court should give the jury the unmodified version of CACI 430.

## IV.    BOVIS' PROPOSED JURY INSTRUCTION NO. 19

Bovis claims that this instruction will instruct the jury on the type of "delay damages" that it may award Bovis. The Court should reject this instruction because it is unnecessary, unsupported by the law and prejudicial.

The proposed instruction is unnecessary because the jury will receive a modified or unmodified form of CACI 350, which explains contract damages.

The law does not support the proposed instruction. Bovis cites three cases in support of this instruction, but does not explain how any of these cases support an additional instruction regarding delay damages. A cursory review of these cases reveals that they do not support the proposed instruction.

Bovis does not cite any case that supports such an instruction. *Erlich v. Menezes*, 21 Cal.4th 543 (1999), the California Supreme Court case cited by Bovis does not include any analysis of how a jury should be instructed regarding delay damages. In fact, it did not mention delay damages at all. In that case, the California Supreme Court analyzed what damages are recoverable for a breach of contract. The Court held that since defendant's negligence directly caused only economic injury and property damage and breached no duty independent of the contract, the plaintiffs could not recover damages for emotional distress based upon breach of the contract to build the house. *Erlich*, 21 Cal.4th at 554.

The other cases cited by Bovis are no more persuasive. MBH cannot determine why Bovis cited *Huber, Hunt & Nichols Inc. v. Moore*, 67 Cal.App.3d 278 (1977) in support of this instruction. That case has nothing to do with the proper instruction to be given to a jury for delay damages. Moreover, *Howard Contracting, Inc. v. G.A. MacDonald Construction Co., Inc.*, 71 Cal.App.4th 38 (1998), dealt with the recovery of overhead costs in the face of the general rule that a contractor cannot recover on a claim for unabsorbed office overhead where it is able to meet the original contract deadline or finish early despite a government-caused delay. *Howard*

5

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1   *Contracting, Inc.* 71 Cal.App.4th at 54-55.

2       Finally, this proposed instruction prejudices MBH. It lists the different categories of

3   damages in a manner that indicates that all these categories of damages were reasonably

4   foreseeable by the parties. The inclusion of the specific categories of damages may also signal

5   that the Court believes such damages exist in this case. It also will confuse a jury that has already

6   received one instruction regarding the recovery of contract damages in this action.

7   **V.    CONCLUSION**

8       For the foregoing reasons, this Court should not give disputed instructions 6, 10 or 19.

9   Instead, it should give the unmodified versions of CACI 350 and 430. These are sufficient to

10  instruct the jury of causation and contract damages.

11

12  Dated: March 17, 2009                           LONG & LEVIT LLP

13

14                                          By  _____

15                                              JOHN B. SULLIVAN
                                                Attorneys for Defendant
16                                              MBH ARCHITECTS, INC. aka
                                                McNULTY BRISKMAN HEATH

17  DOCS\S7630-028\561540.V1

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

MBH ARCHITECTS RESPONSIVE BRIEF RE: DISPUTED JURY INSTRUCTIONS - NO.
C 07 05262 JSW